50520-RET

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEFF SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08-C-577 |
| ) | |
| VILLAGE OF RIVERSIDE, BOARD OF ) | Judge Bucklo |
| POLICE AND FIRE COMMISSION OF THE ) | |
| VILLAGE OF RIVERSIDE, ) | Magistrate Judge Denlow |
| EUGENE KARCZEWSKI, WILLIAM L. SMITH, ) | |
| BERNARD ROCCANOVA, JR., and ) | |
| ROBERT J. PETERS, in their individual capacities, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT
## OF THEIR RULE 12(b)(6) MOTION TO DISMISS

Now come the Defendants Village of Riverside, Board of Police and Fire Commission of the Village of Riverside, Eugene Karczewski, William L. Smith, Bernard Roccanova, Jr., and Robert J. Peters, in their individual capacities, by and through their counsel of record, QUERREY & HARROW, LTD., and, pursuant to Rule 12(b)(6), in support of their Motion to Dismiss Plaintiff's Amended Complaint at Law, state the following:

### INTRODUCTION

On January 25, 2008, Plaintiff, Jeff Simpson, filed a three count civil rights complaint, pursuant to 42 U.S.C. §1983, against Village of Riverside, Board of Police and Fire Commission of the Village of Riverside, Eugene Karczewski, William L. Smith, Bernard Roccanova, Jr., and Robert J. Peters, in their individual capacities. Count I appears to be a claim under *Monell*, and drafted against the Village and all other named defendants. Count II alleges retaliatory action by all named defendants due to alleged speech of Plaintiff at his place of work. Count III (mis-numbered as a second Count II) alleges violations of Plaintiff's rights to freedom of association, again for speech uttered in his workplace. On April 14, 2008, Plaintiff filed his amended complaint, terminating Mark Tuma as a party defendant.

## FACTUAL BACKGROUND

Plaintiff, Jeff Simpson, has been employed as a patrol officer for the Village of Riverside since February 1991. (Amended Complaint ¶14). In order to be placed on a promotion list for current or future position openings in the Department, prospective candidates must sit for a series of examinations consisting of a written examination, a practical examination, and an oral interview with the Board of Police and Fire Commission. (Am. Comp., ¶22). In 2003, Plaintiff took the examination offered for the rank of Sergeant, and placed second on the promotional list (Am. Comp., ¶14). In 2006, Plaintiff again took the offered examination for Sergeant and placed fourth on the promotional list. (Am. Comp., ¶24). Those on the promotional list are eligible to be considered for vacant Sergeant positions.

Plaintiff claims that beginning in 2001 and continuing through 2007, he was outspoken at work regarding the former Police Chief's alleged misconduct – soliciting members of the Department for his personal business (financial and insurance products). (Am. Comp., ¶¶15, 17, 19-20). Plaintiff claims to have voiced his concerns relative to the Chief's activities at work, to his union, and to Village Officials. (Am. Comp., ¶19).

Plaintiff further claims that as a direct result of his speech and the fact that he did not contribute to the former Chief's personal business (though he says he was never asked to participate), he was the victim of retaliation, a conspiracy of the Police Chief and civilian members of the Board of Police and Fire Commission, in that he was denied promotion to the rank of Sergeant. (Am. Comp., ¶¶25-26, 30, 32, Count II ¶2, Count III ¶2). Additionally, Plaintiff claims that the Village of Riverside "allowed" this retaliation to continue for a number of years. (Am. Comp., ¶33). Finally, Plaintiff's Count III (erroneously identified as a second "Count II") appears to be a claim for violation of his right of free association, but fails to identify was associational activity in which he was purportedly engaged.

## STANDARD OF REVIEW

In considering a motion to dismiss, the Court views the complaint in a light most favorable to the plaintiffs, taking as true all well-pled factual allegations and making all possible inferences from those allegations in their favor. *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2001). In ruling on a motion to dismiss, the Court must consider "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999).

**ARGUMENT**

I.      **Plaintiff's Count I, An Apparent *Monell* Claim, Fails.**

Count I of Plaintiff's Amended Complaint, entitled "§1983 Violation of First Amendment – Retaliation", sounds in *Monell* against all Defendants. Each of Plaintiff's counts contains a purported *Monell* theory; in being duplicative, Defendants request any and all *Monell* theories included in Counts II and III be stricken. As for Count I, Plaintiff's claims fail and his *Monell* claims must be dismissed in their entirety. Plaintiff claims a "policy, custom, or pattern of official conduct of penalizing individual employees for exercising their right to free speech under the First and Fourteenth Amendments of the United States Constitution." (Complaint, Count I, ¶3). As pled, Count I alleges liability against all Defendants, apparently by and through the actions of the Commission, the appointed body that has sole authority over the hiring, promotions, and firing of their employees. The Illinois Municipal Code, 65 ILCS 5/10-2.1-15, provides: "The [Board of Fire and Police Commissioners], by its rules, shall provide for promotion in the . . . police departments on the basis of ascertained merit and seniority in service and examination, and shall provide in all cases, where it is practicable, that vacancies shall be filled by promotion. . . . All promotions shall be made from the 3 having the highest ranking . . ." 65 ILCS 5/10-2.1-15 (West 2008). Therefore, pursuant to Illinois statute, the only party in this matter against whom a *Monell* claim could possibly be directed is the Board of Police and Fire Commissioners. However, a cursory reading of the Amended Complaint reveals that Plaintiff is unable to set forth any claim upon which relief may be granted.

A.      **Plaintiff's *Monell* Theory Alleged As To The Village Fails.**

As a preliminary matter, the Village of Riverside itself does not belong in this case. Illinois law squarely vests the decisional process to promotion in the Board. *Sundstrom v. Village of Arlington Heights*, 826 F. Supp. 1143, 1149 (N.D. Ill. 1993). "Even if that statutory vesting could be viewed as some kind of delegation by Village (surely a bizarre reading of the statute), notions of respondeat superior play no role in Section 1983 jurisprudence." *Sundstrom*, 826 F. Supp. at 1149 (citing *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 690-91 (1978)). Therefore, the Village of Riverside must be summarily dismissed, with prejudice, from this cause of action.

### B.　　Plaintiff's *Monell* Theory Alleged As To Defendant Karczewski Fails.

As provided above, Illinois law squarely vests the decisional process to promotion in the Board. *Sundstrom v. Village of Arlington Heights*, 826 F. Supp. 1143, 1149 (N.D. Ill. 1993). The The reasoning of *Sundstrom* should equally apply as to the former Chief of Police, Defendant Karczewski, due to the simple fact that he is not the "decision making" authority as required under a theory of *Monell* because the applicable statute, Illinois Municipal Code, 65 ILCS 5/10-2.1-15, vests all authority regarding promotions to the Police and Fire Commission. Therefore, Defendant Karzcewski must be summarily dismissed, with prejudice, from this cause of action.

### C.　　As *Monell* Liability Can Only Be Raised Against Municipalities, All Individual Defendants Should Be Dismissed From Count I.

Should this Court allow Count I to remain, all individually named defendants should be dismissed from that Count, as each have been named under Count I alleging duplicative conduct. Moreover, as Count I appears to be a Count based upon a theory of *Monell* liability, the individual defendants must be dismissed. A *Monell* claim cannot be brought against an individual. *Monell* provides that a municipality is liable under Section 1983 only if it caused a constitutional tort through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Dep't of Soc. Servs. Of the City of New York*, 436 U.S. 658 (1978). Further, *Monell* rejected respondeat superior liability and concluded that municipalities could be held liable only when an injury was inflicted by a government's "lawmakers or by those whose edicts or acts may fairly be said to represent official capacity." *Monell*, at 694. (*See also Estate of Sims v. County of Bureau*, No. 01-2884, 2007 U.S. App. LEXIS 24418 (7th Cir. Oct. 19, 2007)("Misbehaving employees are responsible for their own conduct[;] 'units of local government are responsible only for their policies rather than conduct by their workers'").

Plaintiff may only sue a municipality under § 1983 when its policy, practice or procedure caused the alleged constitutional violation. Individuals cannot be parties to a *Monell* claim. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). Therefore, each and every allegation sounding in *Monell* against any of the individual defendants must be stricken from the Amended Complaint.

4

### D. Plaintiff's *Monell* Theory Alleged As To The Board Fails.

To establish liability against the Board under 42 U.S.C. §1983, Plaintiff must show that (1) he suffered a deprivation of federal right, (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority, which (3) proximately caused his constitutional injuries. *Fairley v. Andrews,* 430 F. Supp. 2d 786, 800-01 (N.D. Ill. 2006). As set forth above, the Board is the only "decision-maker" in this matter. Under the second requirement, Plaintiff must establish that the Board engaged in an official custom or policy caused the deprivation of his constitutional rights. *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 690-91 (1978). To show that an official custom or policy caused the violation of his rights, Plaintiff must establish one of the following scenarios: (1) there was an express policy that, when enforced, causes a constitutional deprivation; (2) there was a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled that it constitutes custom or usage within the force of law; or (3) a person with final policymaking authority caused the constitutional injury. *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005).

Nothing alleged in the Amended Complaint supports any of the foregoing scenarios. Plaintiff has not, and cannot, contend that the complained of retaliation was so permanent and so well-established that is constituted custom or usage within the force of law. There is no contention that the Board subjected any other employee to retaliation pursuant to voiced concerns regarding the Chief's activities. Similarly, there is no contention that there has been a series of bad acts from which the court may infer that the policymaking levels of the government was bound to have noticed what was going on and that by failing to do anything must have encouraged or condoned the misconduct. *Woodward v. Corr. Med. Servs. Of Ill. Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Finally, Plaintiff has not, and cannot, allege a direct causal link between the alleged policy and his constitutional injuries, namely, that the "discrimination and retaliation" generally alleged by Plaintiff was the "moving force" behind his alleged constitutional deprivation. *Canton v. Harris*, 489 U.S. 378, 389 (1989); *Arlotta v. Bradley Ctr.*, 349 F.3d 517, 522 (7th Cir. 2003). "Moving force" is "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under law." *Monell*, 436 U.S. at 694. Plaintiff must allege a specific pattern of conduct or series of incidents that violate

constitutional rights. *Kubiak v. Ramirez*, 1989 U.S. Dist. LEXIS 5628, *3-4 (May 12, 1989 N.D. Ill.)(Conlon, S.); *Hossman v. Blunk*, 784 F. 2d 793, 796-97 (7th Cir. 1986); *Strauss*, 760 F. 2d at 767-69. A single incident of unconstitutional activity is insufficient to state a claim against the Board under Section 1983. *Oklahoma City v. Tuttle*, 471 U.S. at 821; *Strauss*, at 767; *Monitor v. City of Chicago*, 653 F. Supp. 1294, 1297 (N.D. Ill. 1997).

The instant complaint fails to state a *Monell* claim against the Board. The single event of Plaintiff receiving a low oral examination score is not sufficient to establish liability under *Monell*. Plaintiff has not, and cannot, identify any other instances amounting to the pattern of conduct or series of instances requisite to attach liability under *Monell*. Plaintiff may have included in his Paragraph 31 a general allegation that he and "other employees that were not promoted were given lower exam scored [sic] because they have not made contributions to Karczewski's business," but has not, and cannot, contend that the complained of retaliation was so permanent and so well-established that is constituted custom or usage within the force of law. Plaintiff's has failed to set forth any claim of liability under *Monell* against the Board. Accordingly, the *Monell* claim against the Board must be dismissed with prejudice.

II.     **Plaintiff's Counts II and III Must Be Dismissed Under *Garcetti v. Ceballos*, 547 U.S. 410 (2006).**

Plaintiff claims he was denied promotion in retaliation for exercising his right to free speech under the First and Fourteenth Amendments. To succeed in such a claim, Plaintiff must allege: (1) the speech in which he was engaged was constitutionally protected under the circumstances, and (2) the Defendants retaliated against him, either as individuals or pursuant to some official policy, because of the protected speech. *Fairley v. Andrews*, 03-C-5207, 2007 U.S. Dist. 70539 (N.D. Ill. September 24, 2007). Count III alleges retaliation in violation of Plaintiff's right to freedom of association; the Seventh Circuit has applied the preceding test to both free speech and free association claims. *Gregorich v. Lund*, 54 F.3d 410, 414 and 414 n. 4 (7th Cir. 1995). Plaintiff has pled himself out of his cause of action.

To be constitutionally protected, an employee's speech must be that of a "citizen" on a matter of public concern. *Ashman v. Barrows*, 438 F.3d 781, 784 (7th Cir. 2006). Under the "Connick-Pickering test" the court must first inquire whether the employee "spoke as a citizen on a matter of public concern." *Spiegla*, 481 F.3d at 965. If not, the employee has no cause of action for First Amendment retaliation and there is no need to reach the second part of the test,

6

which requires the balancing of the employee's interest "as a citizen in commenting on the matter" against the public employer's interest "as [an] employer in promoting effective and efficient public service." *Id.*, at 956 (citing *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1986).

In *Garcetti v. Ceballos*, 547 U.S. 410 (2006), added to the foregoing equation, now requiring an initial determination by the court as to whether the employee was speaking as a citizen or a public employee, before moving on to the determination as to whether the speech was of public concern. It is apparent from the Amended Complaint that Plaintiff's speech was not that of a citizen but of an employee disappointed that he was not promoted in rank with the Village of Riverside Police Department. The inquiry into the protected status of speech and association is one of law, not fact. *Connick v. Myers,* 461 U.S. 138, 148 n.7 (1983).

### A. Plaintiff's Alleged Speech Was Pursuant To His Employment As An Employee Of The Village of Riverside Police Department, Not As A Citizen.

The Supreme Court and the Seventh Circuit have recently held that public employees speaking pursuant to their official duties are speaking as employees, not citizens and thus are not protected by the First Amendment regardless of the content. *Garcetti v. Ceballos*, 547 U.S. 410 (2006); *Kasak v. Village of Bedford Park*, 514 F.Supp.2d 1071 (N.D. Ill. 2007); *Spiegla v. Hull*, 481 F.3d 961, 965 (7th Cir., 2007); *Mills v. Evansville*, 452 F.3d 646 (7th Cir. 2006). As pled, Plaintiff made his complaints regarding Karczewski's actions as a public employee and, therefore, his speech is not constitutionally protected and cannot be a basis for the claims made against Defendants in this matter. *Garcetti*, 547 U.S. 410, 419; *Spiegla*, 481 F.3d at 966.

Plaintiff "was outspoken at work" against Karczewski's alleged misconduct. (Am. Comp., ¶¶19, 20 25). Plaintiff concerns were only voiced internally – to other members of the Department, his union and, allegedly, members of the Village Board of Trustees. Plaintiff did not take his complaints to the "public," such as presenting his concerns at a Village Board Meeting, writing the local newspaper, or taking any steps outside his official duties to expose the alleged misconduct to the general public. Further, Plaintiff did not voice his concerns because he feared the Chief's alleged actions would bring discredit or have any other negative effect on the Department. Plaintiff "spoke out at work" because he believed he was not promoted because he didn't participate in the Chief's alleged business dealings; Plaintiff was concerned with how this

alleged activity effected himself, there is no connection to the public interest. This speech is not protected by the First Amendment.

In *Kasak*, a 23-year veteran with the Bedford Park Police Department filed a complaint pursuant to 42 U.S.C. §1983, alleging violation of his First Amendment rights to free association, political association and free speech. *Kasak*, 514 F.Supp.3d at 1075. Kasak was dissatisfied with the manner in which a Captain handled the alleged misconduct of a subordinate officer and reported the same to the Chief of Police. *Id.* at 1074. Kasak claimed he reported his concerns out of fear that the incident in question would have a negative effect on the police department and the Village. *Id.* Following his conversation with the Chief, the Village Police Collective Bargaining Unit, of which Kasak was considered the leader, initiated an investigation into the administration's decisions surrounding the incident. *Id.* at 1075. Kasak alleged in his complaint that because the incident was investigated, he was subsequently retaliated against in the form of a demotion. *Id.* In dismissing Kasak's freedom of speech and free association claims, the court relied heavily upon *Garcetti* and its progeny.

The District Court, in dismissing the complaint for failure to state a cause of action upon which relief may be granted, held that Kasak's speech "owed its existence" to his role as a member of the police department. *Id.* at 1082. In so finding, the court relied upon certain rules and regulations demonstrating that Kasak was required, by and through his employment, to report his perceived misconduct. *Id.* Under *Garcetti*, an employee's speech does not have to be part of his core job function in order to be considered within his employment capacity, but rather need only be made pursuant to his official responsibilities. *Id.* The inquiry into whether one's speech was made pursuant to his job duties "'is a practical one,' and should focus on 'the duties an employee is actually expected to perform.'" *Id*, at 1081.

In the present action, Simpson has been employed as a Patrolman for the Village of Riverside Police Department since 1991. (Am. Comp. ¶14). As such, he is bound to abide by the Rules and Regulations of the Department, including Rule 21 which explicitly prohibits: "Failure to report of the Department any violation of Rules and Regulations or any other improper conduct by a department member which is contrary to the policy, orders or directives of the Department.[1]" (See Attached Exhibit A, p. 11). As stated in the Rules and Regulations of the

---

[1] Defendants recognize that matters outside the pleadings generally may not be considered in evaluating a motion to dismiss pursuant to Rule 12(b)(6) without converting the motion to a motion for summary judgment. *See* F.R.C.P.

8

Riverside Police Department, Plaintiff, as a sworn member of the Department, is <u>required</u> to know and conform to all Rules and Regulations of the Department, as well as all Illinois State Statutes and the Village Code of Riverside. (Ex. A, p. 8, ¶4(C)(3)).

As in *Kasak*, the Rules and Regulations of the Riverside Police Department demonstrate that Plaintiff's actions were within his official, written responsibilities to report misconduct. *Id.* at 1082. Plaintiff's Amended Complaint provides that he became aware of what he perceived to be misconduct committed by the Chief of Police and reported the same. Moreover, the Amended Complaint does not establish that Plaintiff "spoke" out of a duty to communicate to the public; the pleading reveals that Plaintiff spoke solely pursuant to his official duties as a sworn member of the Police Department. Accordingly, Plaintiff's speech is not protected under the First Amendment and his Count II must be dismissed.

### B.  Plaintiff Has No Protectable Property Interest In A Promotion.

Plaintiff claims in his Count II that after, and in retaliation for, his "speaking out" against the actions of Karczewski, the defendants, and each of them, "never allowed Plaintiff to be promoted or advance in his employment in any way." (Am. Comp., Count II ¶2). Pursuant to his pleading, this claim is focused solely on the 2006 promotional opportunities and infers that he was <u>entitled</u> to an <u>available</u> Sergeant position. This sounds in protectable property interest under the Fourteenth Amendment. Plaintiff has pled himself out of this claim and must be dismissed, with prejudice.

The Illinois Municipal Code, 65 ILCS 5/10-2.1-15, provides: "The [Board of Fire and Police Commissioners], by its rules, shall provide for promotion in the . . . police departments on the basis of ascertained merit and seniority in service and examination, and shall provide in all cases, where it is practicable, that vacancies shall be filled by promotion. . . . All promotions shall be made from the 3 having the highest ranking . . ." 65 ILCS 5/10-2.1-15 (West 2008). This statute specifically sets out the promotion procedure under which a choice is made pursuant to the so-called "Rule of Three." Illinois case law provides that the statute "grants to a police or fire commission the <u>discretion</u> to promote any candidate from among the three highest candidates

---

12(b)(6). However, a court may take judicial notice of matters of public record without converting a Rule 16(b)(6) motion into a summary judgment motion. General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997). This District has recognized Rules and Regulations of a Police Department as "public record" for purposes of judicial notice. *Kasak v. Village of Bedford Park, et al.,* No. 06 C 5119, 2007 U.S. Dist. LEXIS 72837 (N.D. Ill. Jan. 12, 2007).

that appear on a certified promotion list." *Bakalich v. Village of Bellwood*, 03 C 1784, 2006 U.S. Dist. LEXIS 35903 (N.D. Ill. May 17, 2006) (emphasis provided).

Plaintiff has not pled that any vacancy was, in fact, available, or that any other person was promoted over him. In fact, the Amended Complaint provides that the Village employs the "Rule of Three" in its promotion practice, promoting "off the top of the list" (Am. Comp. ¶22) and that Plaintiff was listed second on the promotional list in 2003 and fourth in 2006 (Am. Comp., ¶24). He does not claim any vacancy available to him as second in line in 2003, nor does he claim any vacancy available to him as fourth in line in 2006.

It has historically been held that while there is a constitutionally protected property interest in continued civil service employment, there is no equivalent interest in promotion to a higher rank. *May v. Village of Glendale Heights*, 04 C 2796, 2005 U.S. Dist. LEXIS 4428 (N.D. Ill. February 7, 2005) (*citing Bigby v. City of Chicago*, 766 F.2d 1053 (7th Cir. 1985)); *see also McCoy v. Board of Fire & Police Comm'rs*, 79 Ill. App. 3d 742, 744, 398 N.E.2d 1020, 1022, 35 Ill. Dec. 70, 72 (1st Dist. 1979). "To have a property interest, a person must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bigby*, 766 F.2d 1053, 1056-57. Plaintiff cannot claim a liberty interest in a promotion; therefore, his claim fails. *Id.*, at 1057-60. Accordingly, his Amended Complaint must be dismissed, with prejudice.

      **C.**    **There Is No Causal Connection Between Plaintiff's Alleged Protected Activities And His Failure To Be Promoted.**

Plaintiff concludes that "after, and in retaliation for," his "speaking out" against the actions of Karczewski, and for "not supporting Karczewski's personal business interests," he was denied promotion to Sergeant. (Am. Comp., Count I ¶2; Count II ¶2; Count III ¶2). Indeed, "more than mere speculation" is required to find that a "disagreement is the motivating cause" for the employment decision. *O'Connor v. Chicago Transit Authority*, 985 F.2d 1362 (7th Cir. 1993).

Though he claims that his low scores and denial of a promotion are born from his refusal to participate in the Chiefs personal business venture (Am. Comp., ¶32), this allegation is both unsupported and in direct contradiction to Plaintiff's own pleading. Plaintiff unequivocally states, "The Plaintiff was <u>never</u> approached by the [sic] Karczewski about purchasing insurance or refinancing his home through Karczewski's business." (Am. Comp., ¶18) (emphasis

10

provided). Plaintiff's admission that he was never approached by the Chief negates his claim that his purported refusal to contribute to the Chief's business was the cause of his promotional woes. One cannot refuse to participate in something he was never asked to participate in. Plaintiff's argument is illogical as Plaintiff cannot provide any nexus between his speech and his failure to be appointed as a Sergeant. Plaintiff offers nothing but mere speculation to link his "speaking out" with his receiving oral examination scores from the Board of Police and Fire Commissioners. It should be noted that Plaintiff has failed to allege that vacancies were available for the position of Sergeant, and that as number two (in 2003) and number four (in 2006), that he would have actually been appointed to such a position if not for the alleged conduct of the defendants. Accordingly, as Plaintiff sets forth no further support for the nexus he attempts to make, dismissal of Counts II and III of Plaintiff's Amended Complaint, is proper.

**III.    Count III Must Be Dismissed As Plaintiff Has Failed To Plead Any Expressive Association Affording Him Protection Under The First Amendment.**

In his Count III (erroneously identified as a second "Count II"), Plaintiff alleges violation of his constitutional right of "freedom of association." Defendants are at a loss as to what the alleged "association" is, as the Amended Complaint fails to specify engagement in any expressive association. To show that the Defendants deprived his First Amendment right to freedom of association, Plaintiff must demonstrate that he was deprived of his right to association with others for the purpose of expression. *Glatt v. Chicago Park District*, 847 F. Supp. 101, 104 (N.D. Ill. 1994). The First Amendment does not protect opportunities of association that do not pertain to expressive association, even if they might be described as "associational" in common parlance. *Glatt*, 847 F. Supp. At 104 (citing *City of Dallas v. Stanglin*, 490 U.S. 19, 23 (1989); and *Swank v. Smart*, 898 F.2d 1247, 1252 (7th Cir.), *cert. denied*, 498 U.S. 853 (1990). As Plaintiff does not allege any expressive purpose, Count III must be dismissed.

**IV.    Plaintiff's Year 2003 Retaliation Claim Is Barred As The Statute Of Limitations Has Expired.**

Plaintiff's claims relative to any actions taken by Defendants in 2003 must be dismissed in their entirety as the statute of limitations has expired. Actions under Section 1983 are governed by the personal injury statute of limitations in the state where the injury occurred. *Cathedral of Joy v. Village of Hazel Crest*, 22 F.3d 713, 716 (7th Cir. 1994). The applicable

11

limitation period for §1983 claims in Illinois federal courts is Illinois' two-year statute of limitations for personal injury actions. *Smith v. City of Chicago Heights*, 951 F.2d 834, 837 (7th Cir. 1992). Therefore, because plaintiff filed this action on January 25, 2008, the statute of limitations for §1983 bars the First Amendment claims of plaintiff based on any of the alleged acts that occurred prior to January 25, 2006.

Pursuant to Plaintiff's complaint, his first claimed "injury" is being passed over for a promotion in 2003. (Am. Comp., ¶25). The United States Supreme Court has recognized that for purposes of measuring the limitations period, "the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful." *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981); see also *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980).

"A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'" *Nat'l R.R. Passenger Corp. v. Mordan*, 536 U.S. 101, 110 (2002). If Plaintiff knew that the alleged discrete employment action – failure to promote him to Sergeant – was discriminatory and harmed him, he was obligated to sue over the act within the statute of limitations. *See Jones v. Merchants Nat'l Bank & Trust Co.*, 42 F.3d 1054, 1058 (7th Cir. 1994) (noting that plaintiff admitted she felt that some refusals to promote were discriminatory at the time they occurred). In the present action, Simpson clearly claims that he suffered injury in 2003 when he was not promoted to Sergeant; this is clearly a discrete act for which the statute of limitations applies.

Further, the doctrine of equitable tolling does not apply to Plaintiff's 2003 claims. The doctrine would apply if the Plaintiff, despite his own due diligence, could not obtain information bearing on the existence of his claim. *Smith v. Chicago Heights*, 951 F.2d 834, 839 (7th Cir. 1992). Here, Plaintiff affirmatively claims that the defendants denied him promotion in 2003, and that he had express knowledge that the denial was in retaliation for his "speaking out" against the Chief's activities. (Am. Comp., ¶25). Continuing violations are only recognized where (1) the employer's decisionmaking process takes place over a period of time, making it difficult to pinpoint the precise day of the violation; (2) the employer is alleged to have an open and systematic discriminatory policy; or (3) the employer's discriminatory acts are "so covert" that the plaintiff is not immediately aware of their discriminatory character. *Place v. Abbott Labs.*, 215 F.3d 803, 808 (7th Cir. 2000).

In this case, the failure to promote Plaintiff in 2003 was "a single, significant event," and Plaintiff's complaint provides his belief that he was retaliated against in both 2003 and 2006 on the basis of his speech. Clearly, the statute of limitations as to the 2003 promotion claim has long since passed. Accordingly, any claims relative to actions allegedly taken in 2003 must be dismissed in favor of each named Defendant and against Plaintiff, with prejudice.

### V. Plaintiffs' Prayer For Punitive Damages Must Be Stricken As To The Village of Riverside.

Finally, in each count of the Amended Complaint, Plaintiffs request punitive damages against each defendant, including the Village of Riverside. Riverside is not liable for punitive damages for either § 1983 or for common law claims. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("a municipality is immune from punitive damages under 42 U.S.C. § 1983"); 745 ILCS 10/2-102 (local public entity not liable to pay punitive or exemplary damages). Thus, the Court must strike prayers for punitive damages as to the Village of Riverside.

### CONCLUSION

For the foregoing reasons, Defendants Village of Riverside, Board of Police and Fire Commission of the Village of Riverside, Eugene Karczewski, William L. Smith, Bernard Roccanova, Jr., and Robert J. Peters, in their individual capacities, respectfully request this Honorable Court enter an order dismissing the Plaintiff's Amended Complaint with prejudice, and for such other relief as deemed appropriate.

Respectfully submitted,

By: /s/ Stacey McGlynn Atkins

Paul A. Rettberg
Stacey McGlynn Atkins
*Counsel for Defendants*
Querrey & Harrow, Ltd.
175 W. Jackson Blvd.
Suite 1600
Chicago, Illinois 60604
312-540-7000