# *RIVERSIDE POLICE DEPARTMENT*

# RULES

# &

# REGULATIONS

*Chief Eugene S. Karczewski*

May 1, 1999

# 1.    REGULATIONS FOR THE GOVERNANCE OF THE RIVERSIDE POLICE DEPT.

## A.    *General*

The Riverside Police Department and its Auxiliary Police Corps serve the citizens of the Village of Riverside by performing the law enforcement function in a professional manner, and it is to these citizens that they are ultimately responsible. They protect the rights of all persons within the Village to be free from criminal attack, to be secure in their possessions, and to live in peace.

A large urban society free from crime and disorder remains an unachieved ideal; nevertheless, consistent with the values of a free society, it is the primary objective of the Riverside Police Department and the Auxiliary Police Corps to, as closely as possible, approach that ideal. In doing so, their role is to enforce the law in a fair and impartial manner, recognizing both the statutory and judicial limitations of policy authority and the constitutional rights of all persons.

## B.    *The Mission Statement of the Riverside Police Department is as follows:*

*The men and women of the Riverside Police Department take great pride in our historic community and in our progressive law enforcement agency. We solemnly pledge to preserve the wholesome quality of life and ambience which makes our village a wonderful place in which to live and work. We are committed to placing the needs of our residents at the forefront of all our department efforts. We are dedicated both individually and collectively to the following principles:*

*Our ethical values and philosophical judgements are guided by the time worn principles of democratic behavior cited in the United States Constitution and the Bill of Rights. It is our sacred obligation to protect the weak and defenseless, be compassionate to the sick, injured or bereaved, and to provide the most responsible law enforcement service possible.*

*We pledge, as law enforcement professionals to be role models within our community, especially for our youth, in both our public and private lives. We promise to uphold the Law Enforcement Code of Ethics, and to exhibit good judgement, fairness, impartiality, and dedication in the performance of our daily duties. We value human dignity and promise to be courteous and respectful towards all our fellow citizens regardless of race, creed, color, or social status.*

*We vow to be courageous in the face of danger, well trained and prepared to any eventuality, and to maintain a visible benevolent police presence within our community. We will work with the youth of our community, to prevent outside influences, such as gangs and drugs, from intruding into or in any way damaging young lives. We will steadfastly maintain our ethical conduct and objectivity, while remaining open and responsive to our residents concerns, but we will never be unduly influenced or improperly pressured in the performance of our sworn duties.*

*We will continually educate our community with the most modern crime prevention methods and techniques. We will constantly strive to be proactive in our professional training, to improve our formal education, and to be ever vigilant of changing law enforcement techniques and technology. As we move into the 21st Century, our primary commitment is to forge a lasting partnership with our community, built upon respect and dedicated to making Riverside a safer place for all.*

1

Police officers are frequently required to make decisions affecting human life and liberty in difficult situations where there is little or no opportunity to seek advice and little time for reflection. Law enforcement, therefore, requires an officer to have the stamina, intelligence, moral courage and emotional stability necessary to fairly and impartially deal with human beings in many complicated and potentially explosive situations. It is incumbent that the Department utilize the best recruitment and psychological testing techniques available and to thereafter provide training for all personnel in order to ensure that the highest level of professional conduct is achieved.

Due to the constant stress which is inherent in police service, the psychological and emotional stability of all members must be assured. Therefore, testing techniques must be available and utilized on an as needed basis for the good of the Department and community. It must be designed to identify and isolate behavior characteristics of members who have become unsuitable for service during their tenure in the Department. It is incumbent upon all members to report to their superiors any unusual or irrational actions on the part of a department member. Supervisors must forward all such reports to the immediate attention of the Chief of Police.

It is in the best interests of law enforcement that the department attract/promote the most qualified individuals available without regard to race, religion, ethnic background, or any other such consideration. Policies must be designed to promote and encourage qualified representation from all segments of the community.

Auxiliary Police Officers are sworn special peace officers only while on duty. While they serve at the discretion of the Chief of Police and can be excluded from the Corps at any time, they are also bound by these rules and regulations. As such, whenever the department or police officer is mentioned in these rules and regulations, the Riverside Police Auxiliary Corps and its members are specifically included as department personnel.

D.    *Standards of Conduct*

The Law Enforcement Code of Ethics is hereby adopted as a general standard of conduct for all sworn members of the Department. *It states:*

*"As a law enforcement officer, my fundamental duty is to serve mankind; to safeguard lives and property, to protect the innocent against deception, the weak against oppression or intimidation, and the peaceful against violence or disorder; and to respect the Constitutional rights of all men to liberty, equality and justice."*

2

*"I will keep my private life unsullied as an example to all; maintain courageous calm in the face of danger, scorn, or ridicule; develop self-restraint; and be constantly mindful of the welfare of others. Honest in thought and deed in both my personal and official life, I will be exemplary in obeying the laws of the land and the regulations of my department. Whatever I see or hear of a confidential nature or that is confided to me in my official capacity will be kept ever secret unless revelation is necessary in the performance of my duty."*

*"I will never act officiously or permit personal feelings, prejudices, animosities, or friendships to influence my decisions. With no compromise for crime and with relentless prosecution of criminals, I will enforce the law courteously and appropriately without fear or favor, malice or ill will, never employing unnecessary force or violence and never accepting gratuities."*

*"I recognize the badge of my office as a symbol of public faith, and accept it as a public trust to be held so long as I am true to the ethics of the police service. I will constantly strive to achieve these objectives and ideals, dedicating myself before God to my chosen profession . . law enforcement."*

The public demands that the integrity of its law enforcement officers be above reproach, and the dishonesty of a single officer may impair public confidence and cast suspicion and disrespect upon the entire Department. Succumbing to even minor temptation can be the genesis which will ultimately destroy an individual's effectiveness and contribute to the corruption of others. All members must scrupulously avoid any conduct which might compromise the integrity of themselves, their fellow members or the Department.

A police officer is the most conspicuous representative of government, and to the majority of the people an officer is a symbol of stability and authority upon whom they can rely. An officer's conduct is closely scrutinized, and when their actions are found to be excessive, unwarranted or unjustified they, and the Department, are criticized far more severely than comparable conduct of persons in other walks of life. Since the conduct of a member, on or off duty, does reflect directly upon the Department, a member must at all times conduct themselves in a manner which does not bring discredit to themselves, the Department or the Village.

Effective law enforcement depends upon a high degree of cooperation between the Department and the public it serves. The practice of courtesy in all public contacts encourages understanding and appreciation; discourtesy breeds contempt and resistance. The majority of the public are law-abiding citizens who rightfully expect fair and courteous treatment by members of the Department. While the urgency of a given situation would demand firm action, discourtesy or disrespect shown toward any citizen is indefensible. The practice of courteous and respectful conduct by a member is not a manifestation of weakness; it is, on the contrary, entirely consistent with the firmness and impartiality that characterizes a professional police officer.

Members of the Riverside Police Department are often confronted with situations where firm control must be exercised to effect arrests and protect the public safety. Control is achieved through advice, persuasion, warnings or the use of physical force. While the use of reasonable physical force may be necessary in situations which cannot be otherwise controlled, force may not be resorted to unless other reasonable alternatives have been exhausted or would clearly be ineffective under the particular circumstances involved.

Officers are permitted to use whatever force is reasonable and necessary to protect others or themselves from bodily harm. The use of excessive and unwarranted force or brutality will not be tolerated under any circumstances. When the law is not fairly and evenly enforced, there follows a reduction in respect for the law and resistance to its enforcement.

In order to respond to varying law enforcement needs, the Department must have flexibility in deployment and methods of enforcement; however, enforcement policies should be formulated on a Village wide basis and uniformly in all areas of the Village and for all groups and individuals. To ensure equal treatment in similar circumstances, a member must be alert and sensitive to situations where, because of a language barrier or for some other reason, he must display patience and understanding with what might otherwise appear to be a lack of response.

A recognition of individual dignity is vital in a free system of law. Just as all persons are subject to the law, all persons have a right to dignified treatment under the law, and the protection of this right is a duty which is as binding on the Department and each of its members. Members must treat each person with respect and they must be constantly mindful that the people with whom they are dealing are individuals with human emotions and needs.

The Department must be responsive to the needs and problems of the community which it serves. While its task is governed by law the policies formulated to guide and implement its enforcement must include consideration of the public will. This responsiveness must be manifested at all levels of the Department by a willingness to listen and by a genuine concern for the problems of individuals and groups. The total needs of the community must become an integral part of the programs designed to carry out the mission of the Department.

Law enforcement operations in a free society must not be shrouded in secrecy. It is necessary that there be public disclosure of policies and programs and an openness in matter of public interest.

4

Consistent with the protection of legal rights of individuals under investigation or arrest, and with a consideration of the necessity for maintaining the confidentiality of Department records and of other primary Departmental responsibilities, the Department must communicate accurate and factual accounts of occurrences of public interest and make known its objective to serve.

In dealing with people, each department member must strive to make their contact one which inspires respect for him/herself as an individual and as a professional. No member can allow their individual feelings and/or prejudices to enter into their public contacts. Every member must constantly be aware of and eliminate any attitudes which might impair their effectiveness and impartiality.

Community relations and citizen contact is based upon the principle that in a democratic society the police are an integral and indivisible element of the public they serve. A system of law and its enforcement is not superimposed upon an unwilling public; the law is created by the people themselves to control the behavior of those who would seek to interfere with the community welfare and existence.

While the primary responsibility for enforcement of the law lies with the individual citizen, the complexities of society have required the creation of police service to assist in maintaining social order. The police represent only a portion of the total resources expended by the public to this end. However, this effort frequently being restrictive of individual freedom brings the police into contact with citizens under circumstances which have a far reaching impact upon the lives of the affected individuals. A citizen's encounter with the police can be a very frightening experience, and under such circumstances, the risk of misunderstanding is great. The minimization of this risk is a challenge intrinsic in every public contact by the members of this Department. Each member of the Department must strive to establish a climate where he may perform his sworn duties with the acceptance, understanding and approval of the public.

To promote such acceptance, understanding and approval there must be communication between individual citizens and members of the Department at all levels. The Department must encourage productive dialogue with the public to ensure that the unity of the police and community is preserved.

To this end the professional and private lives of all members must be beyond reproach. There is an immediate lowering of esteem and suspicion of ineffectiveness when there is public contact by a member evidencing the use of intoxicants. Additionally, the stresses of law enforcement require an employee to be mentally alert and physically responsive.

The consumption of intoxicants, therefore, cannot be tolerated while a member is on duty, except to the minimum requirements of a specific police assignment. Every member must also be constantly aware that while technically off duty they are subject to respond to any emergency requiring their service. The off duty use of intoxicants must therefore, be moderate in order to allow the mental and physical requirements for immediate response. An off duty member under the influence of any intoxicant represents a danger to themselves and others which cannot be permitted.

As most police work is necessarily performed without close individual supervision, the responsibility for the proper performance of a member's duty, whether they are on or off duty, lies primarily with the member themselves. A member carries with them, at all times, the responsibility for the safety of the community. They discharge that responsibility by the faithful and dedicated performance of their assigned duty and an immediate and intelligent response to emergency situations. Anything less violates the trust placed in them by the community, and nothing less qualifies as professional conduct.

It is essential that public confidence be maintained in the ability of the Department to investigate and properly dispose of complaints against its members. Additionally, the Department has the responsibility to seek out and discipline those whose conduct discredits the Department or impairs its effective operation. The rights of the member, as well as those of the public must be preserved and any investigation arising from a complaint must be conducted fairly, impartially and efficiently, with the truth as its primary objective.

## 2.   REGULATIONS ESTABLISHING THE GOALS OF THE DEPARTMENT

To implement the foregoing regulations of the Riverside Police Department the following goals are hereby established:

a.   Protection of life, limb and property in the Village of Riverside
b.   Prevention of crime
c.   Preservation of public peace
d.   Enforcement of all laws and ordinances
e.   Arrest of law violators, and assembling competent evidence of the alleged violation
f.   Promotion of respect, communication, and cooperation of all citizens for the law and for those sworn to enforce it.

6

### 3. REGULATIONS ESTABLISHING THE GOALS OF DEPARTMENT MEMBERS

The goals of Department members which embody and implement the policy of the Department are:

a. Maintenance of the highest standards of integrity and ethics

b. Excellence in the performance of duty

c. Maintenance of private lives which inspire respect and provides an example for the entire community.

### 4. REGULATIONS ESTABLISHING THE DUTIES OF MEMBERS

To attain the Department's goals, the members' goals and to implement the regulations of the Department the following duties are established for the Chief of Police, supervisory members, sworn and civilian members of the Department:

A. *Chief of Police* - The Chief of Police will plan, organize, staff, direct and control the personnel and resources of the Department to attain the goals and implement the regulations set forth herein. The Chief of Police shall make rules and regulations and operating procedures governing the conduct of members and the operations of the police department. The Chief of Police shall also have custody, care and control of all the public property of the police department. The Chief of Police shall direct and control the activities of all members of the Auxiliary Police Corps when called for duty as Police Officers. The Chief of Police shall maintain proper discipline and decorum within the police department at all times. The Chief of Police cooperates with the Board of Fire and Police Commissioners in the hiring, firing, and disciplining of sworn police officers.

B. *Supervisory Members*

Supervisory members will be responsible for adherence to the Department's Rules, Regulations, Policies, Orders and Procedures. They are responsible and accountable for the maintenance of discipline and will provide leadership, supervision, continuing training and example to ensure the efficiency of police operations. They have the responsibility to influence subordinate members and to motivate them to perform at a high level of efficiency. They have the responsibility for the performance of all subordinates placed under them and while they can delegate authority and functions to subordinates, they cannot delegate responsibility. They remain answerable and accountable for failures or inadequacies on the part of their subordinates.

7

If there are department employees on duty of equal rank, then the responsibility for any police problem will fall first upon the employee having the greatest length of service. In the absence of a supervisory member of the department, *(defined as Assistant Chief of Police, Lieutenant of Police, Sergeant of Police, Officer In Charge)* the senior patrolman will assume authority and responsibility of decision and action of command. *They will:*

1.   Lead, direct, train, supervise, counsel, and evaluate members in their assigned duties

2.   Provide leadership and guidance in developing loyalty and dedication to the police profession

3.   Perform specific duties and functions as assigned by the Chief of Police or other superior officers

4.   Uphold a member who is properly performing their duty, deal fairly and equitably with all members and, when necessary, correct a subordinate in a dignified manner.

5.   Cooperate with all members of the Department and other law enforcement agencies.

6.   Recommend training, remedial, or disciplinary action for inefficient, incompetent or unsuitable members.

7.   Ensure that all Policy, Rules, Regulations, Orders and Directives of the Department are enforced and implemented by their subordinates.

8.   Remain accountable for the failure, misconduct or omission by their subordinates.

9.   Inspect department members/facilities/equipment to ensure compliance with department uniform and safety standards.

10.   Keep command officers informed of outstanding police work performed by officers under his supervision.

C.   *Sworn Members*

Sworn members will devote themselves fully to the attainment of the letter and spirit of Departmental policy and goals, and will conduct themselves at all times in such a manner as will reflect credit upon the Department with emphasis on personal integrity and professional devotion to law enforcement. *They will:*

1.   Render the highest order of police service to all citizens, whether or not during specifically assigned hours.

2.   Obey all laws and promptly execute all lawful orders.

3.   Know and conform to the Department's Policy, Rules, Regulations Orders, Procedures and Directives as well as Illinois State Statutes and the Village Code of Riverside.

8

4.      Receive, record, and service immediately all complaints and requests for service in accordance with Department orders.

5.      Provide security and care for all persons and property coming into their custody.

6.      Maintain a military bearing and render military courtesy when in uniform.

7.      Maintain a courteous and respectful attitude toward all persons.

D.      ***Civilian Members***

Civilian members will perform their assigned duties promptly and efficiently. *They will:*

1.      Obey all laws and execute all lawful orders

2.      Be bound by the Policy, Rules, Regulations, Orders, Procedures and Directives of the Police Department

3.      Maintain a courteous and respectful attitude toward all persons

## 5. RULES OF CONDUCT

In addition to the positive requirements of all the foregoing sections, the following rules of conduct set forth expressly prohibited acts. **Prohibited acts include:**

**RULE 1** - Violation of any law or ordinance

**RULE 2** - Any action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department.

*Note: This rule applies to both the professional and private conduct of all members. It prohibits any and all conduct which is contrary to the letter and spirit of Departmental policy or goals or which would reflect adversely upon the Department or its members. It includes not only all unlawful acts by members but also all acts, which although not unlawful in themselves, would degrade or bring disrespect upon the member or the Department, including public and open association with persons of known bad or criminal reputation in the community unless such association is in the performance of police duties. It also includes any action contrary to the stated policy, goals, rules, regulations, orders or directives of the Department.*

**RULE 3** - Any failure to promote the Department's efforts to implement its policy or accomplish its goals.

*Note: This rule prohibits any omission or failure to act by any member of the Department, whether on or off duty, which act would be required by the stated policy, goals, rules, regulations, orders and directives of the Department. It applies to supervisory and other members, who through carelessness, inefficiency or design fail to implement all policy, goals, rules, regulations, orders and directives of the Department or who fail to report to the Department any and all known violations of same, or who through carelessness, inefficiency or design fail to become aware of any such violation, when their assigned duty or supervisory responsibility would require them to become so aware.*

**RULE 4** - Any conduct or action taken to use the official position for personal gain or influence.

**RULE 5** - Failure to perform any duty.

**RULE 6** - Disobedience of an order or directive, whether written or oral.
*Note:* *This rule prohibits disobedience by a member of any lawful written or oral order or directive of a superior officer or another member of any rank who is relaying the order of a superior.*

**RULE 7** - Insubordination or disrespect toward a supervisory member on or off duty.

**RULE 8** - Disrespect to or maltreatment of any person, while on or off duty.

**RULE 9** - Engaging in any unjustified verbal or physical altercation with any person, while on or off duty.
*Note:* *Rules 8 and 9 prohibit the use of any excessive force by any member. These rules prohibit all brutality, and physical or verbal maltreatment of any citizen while on or off duty, including any unjustified altercation of any kind.*

**RULE 10** - Inattention to duty

**RULE 11** - Incompetency or inefficiency in the performance of duty
*Note:* *This rule includes all incompetent and inefficient action on the part of any member and all failure to act when any policy, goal, rule, regulation, order, directive or rank would require positive action.*

**RULE 12** - Failure to wear the uniform as prescribed.

**RULE 13** - Failure adequately to secure and care for Police Department or other Village property.

**RULE 14** - Making a false report, written or oral

**RULE 15** - Intoxication on or off duty

**RULE 16** - Entering any tavern/bar while on duty or in uniform, except in performance of a police duty

**RULE 17** - Drinking alcoholic beverages while on duty or in uniform, or transporting alcoholic beverages on or in Department property, except in the performance of police duty.

**RULE 18** - Engaging directly or indirectly in the ownership, maintenance, or operation of a taxicab, tavern, adult book store, or retail liquor establishment *(except as provided by State law and the bargaining agreement between the Fraternal Order of Police and the Village of Riverside).*

**RULE 19** - Failure to submit immediately a written report that any member, including self, is under investigation by any law enforcement agency other than the Riverside Police Department.

10

**RULE 20** - Failure to report promptly to the Department any information concerning any crime or other unlawful action.

**RULE 21** - Failure to report to the Department any violation of Rules and Regulations or any other improper conduct by a department member which is contrary to the policy, orders or directives of the Department.

**RULE 22** - Failure to obey Department orders concerning any other employment, occupation, or profession.

**RULE 23** - Failure to properly follow medical roll policies and procedures.

**RULE 24** - Failure to provide the Department with a current residential address and residential telephone number.

**RULE 25** - Failure to report promptly any anticipated absence from duty

**RULE 26** - Being absent from duty without proper authorization.

**RULE 27** - Failure to be prompt for duty assignment, including roll call and court appearance

**RULE 28** - Leaving duty assignment without being properly relieved or without proper authorization

**RULE 29** - Publicly criticizing the official actions of another Department member, when the result of such criticism can reasonably be foreseen to undermine the effectiveness of the official working relationship of the member within their assigned unit. All such criticism should be made and reported to the Department.

Note: *The nature of the mission of the police department requires a close and confidential relationship between members and their superiors and between fellow members. Public criticism of the official actions of other department members could seriously impair that relationship, which would be detrimental to the Department's ability to achieve its goals and implement its policies. All public criticism of other members is not prohibited; however, when the effect of the public criticism can reasonably be foreseen to have a detrimental effect on the member's effectiveness within their unit, the member must refrain from such conduct for the good of the Department and the public welfare and safety.*

**RULE 30** - Engaging in any public statements, interviews, activity, deliberation or discussion pertaining to the Police Department which reasonably can be foreseen to impair the discipline, efficiency, public service, or public confidence in the Department or its personnel by:

    a.    False statements, or reckless, unsupported accusations

    b.    The use of defamatory language, abusive language, invective or epithets

**RULE 32** - Failure to keep department vehicle in public view while assigned to general patrol duty, except when authorized by a supervisory member.

**RULE 33** - Completely concealing a department vehicle for the sole purpose of apprehending traffic violators, except when authorized by a Supervisor.

**RULE 34** - Permitting any person not on official police business to ride in a department vehicle unless specifically authorized by a superior officer

**RULE 35** - Failure of a member, whether on or off duty, to correctly identify themselves by providing their name, rank, and star number when so requested by other law enforcement officers or by any private citizen when the subject of a member's employment as a police officer is in question.

**RULE 36** - Unlawful or unnecessary use or display of a weapon

**RULE 37** - Failure to immediately make an oral report to the supervisor and to follow such oral report with a written report to the Chief of Police, whenever a firearm is discharged by a member *(except as provided in General Orders).*

**RULE 38** - Failure to inventory and process recovered property in conformance with Department orders and policy.

**RULE 39** - Disseminating, releasing, altering, defacing or removing any department record, property, information or computer data concerning police matters except as provided by department orders or legal subpoena.

**RULE 40** - Participating in any partisan political campaign or activity while in police uniform.

**RULE 41** - Giving an opinion as to any fine or penalty to any citizen except after arrest and processing is completed.

**RULE 42** - Recommending any specific professional or commercial service company and/or advising any person engaged in a professional or commercial service that such professional or commercial services may be needed by an individual.
*Note: This rule would apply to specific attorneys, alarm services, etc. Officers may, however, recommend several different professional/commercial service in their contact with the public.*

**RULE 43** - Associating or fraternizing with any person known to have been convicted of any felony, either State or Federal *(excluding traffic and municipal ordinance violations)* or known to be a member of an organized gang or other organizations wherein criminal or other anti social behavior is prevalent.

*Note: This rules does not prohibit the associating of fraternizing of a department member with an immediate family member who is a felon.*

**RULE 44** - soliciting or accepting any gratuity, or soliciting or accepting a gift, present, reward, or other thing of value for any service rendered as a Department member, or as a condition for the rendering of such service, or as a condition for not performing sworn duties.

**RULE 45** - Giving or receiving from any other member any gift, present, or gratuity excluding gifts accepted from relatives or close friends upon appropriate occasions. No supervisory member will receive a present from subordinate members.

**RULE 46** - Giving any gift, present, or gratuity to another member or a person in the members family without the specific approval of the Chief of Police, excluding donations given in honor of retirements, promotions, weddings, births, or to hospitalized or deceased members. Party, dinner, and entertainment expenses will be paid for individually by persons attending without prior collection through Department channels unless officially authorized by exempt rank personnel.

**RULE 47** - Failure to testify or give evidence before any grand jury, coroner' inquest or court of law or before any governmental, administrative, or investigative agency *(city, state or federal)* when properly called upon to do so, and when there is no properly asserted constitutional privilege, or when immunity from prosecution has been granted.

**RULE 48** - Failure to cooperate when called to give evidence or statements by any investigative branch or superior officer of the Riverside Police Department or Board of Police and Fire Commissioners when the evidence or statements sought relate specifically, directly and narrowly to the performance of their official duties. If the member properly asserts a constitutional privilege, they will be required to cooperate if advised that by law any evidence or statements given by them cannot be used against them in a subsequent criminal prosecution.

**RULE 49** - Seeking or soliciting contributions of any kind from anyone, by any means, for any purpose, under any circumstances, including collections for charitable purposes by any member or their agent, group of members or their agents, and including any sale or solicitation by any member or their agent, group of members or their agents of advertising for any police journal, magazine or other publication identified with the Riverside Police Department or any association of its members, except as specifically authorized by the State of Illinois Statutes and the Chief of Police.

*Note: The members shall be subject to disciplinary action for any violation of this provision by their agent. The officers, directors, or trustees of any association identified with members of the Riverside Police Department will be subject to disciplinary action for any violation of this provision made on behalf of the associations by any member thereof or agents. These provisions do not apply to the solicitation of police personnel by police associations for memberships or dues.*

**RULE 50** - Participating in, encouraging the participation of others in, or otherwise supporting any strike, demonstration, slowdown, or any other such concerted action against the Department.

13

**RULE 51** - Joining or retaining membership in, or soliciting other members to join any labor organization whose membership is not exclusively limited to full time law enforcement officers. It is provided that this rule will not apply to civilian members nor to membership in any labor organization in connection with, and relating solely to, approved secondary employment of sworn members. It is provided that this rule will not apply to the joining or retention of membership with rank and file members of the Department in organizations whose primary purpose is social, religious, ethnic or racial. *Note: Labor management disputes frequently develop into situations requiring the presence and/or action of law enforcement officers to ensure that the rights of both labor and management are not violated by criminal acts. Law enforcement's posture in these disputes must be one of strict and absolute neutrality and impartiality. This policy of absolute neutrality and impartiality is seriously threatened and potentially undermined if the labor organization or union involved in the dispute is in any way associated with the representation of law enforcement officers of the law enforcement profession. Membership in a labor union as defined above creates a potential conflict of interest which conflict is specifically prohibited by the Law Enforcement Code of Ethics to which we all adhere and which could lead to acts or failures to act contrary to law.*

**RULE 52** - Holding a cigarette, cigar, or pipe in mouth while in uniform and in official contact with the public.

**RULE 53** - Failing to comply with any existing Village of Riverside policy, procedure, or regulation.

**RULE 54** - Failure to promptly notify the Chief of Police whenever any department member is arrested or is the subject of a criminal investigation as a suspect.

## 6.   PENALTIES

The department may take any of the following disciplinary actions against a member found guilty of violating the Rules and Regulations of the department.

a.    Reprimand

b.    The assignment of extra duty without compensation

c.    Suspension without pay for a period not to exceed five days

d.    Institution of charges before the Police Board when suspensions of over five days or higher or dismissal from the department is recommended for a sworn officer by the Chief of Police.

14

## 7.   MEDICAL SEPARATIONS

It is incumbent that all members of the Department have the physical stamina and psychological/emotional stability to properly perform all required police duties. If, in the opinion of the Chief of Police, upon the recommendation of a certified medical doctor, after examination, any member does not have the physical condition or psychological/emotional stability required to perform police duties competently and efficiently, the Chief of Police may file charges with the Board of Police and Fire Commissioners seeking the separation of any such member. The Board of Police and Fire Commissioners will then conduct a hearing which will follow the same procedures as a disciplinary hearing. This section shall in no way limit or interfere with any accrued medical leave rights or retirement benefits of any member. Note: Because there is a multitude of reasons for medical separation, each case will be judged on its individual merits.

## 8.   DEFINITIONS

The following definitions govern the use of these terms in the Rules and Regulations of the department.

**DEPARTMENT:**   The Riverside Police Department

**SUPERVISORY MEMBER:**  A member responsible for the performance of duty and the conduct of other members.

**SWORN MEMBER or OFFICER:**   A member who is dedicated by oath to the law enforcement profession.

**CIVILIAN MEMBER:**  Any employee of the Department who is not a sworn or Auxiliary member.

**MEMBER:**   Any employee of the Department.

**ON DUTY:**   Engaging in any activity during specifically assigned hours or rendering any police service during an emergency situation.

**OFF DUTY:**   Not on duty

**VILLAGE:**   The Village of Riverside.

A.    Prior to the hearing charges filed with the Board, the respondent upon written request made prior to the hearing and filed with the Village of Riverside's Legal Counsel, shall be entitled to:

  1.    Any and all written statements made by the respondent concerning the charges filed, which are within the custody and control of the Police Department

  2.    Any and all oral statements made by the respondent concerning the charges filed which have been reduced to writing or summaries of which have been reduced to writing which are within the custody and control of the Police Department

  3.    Any and all oral statements of the respondent concerning the charges filed which have been in any way mechanically recorded and which are within the custody and control of the Police Department

  4.    Any and all written statements of written summaries of oral statements of any witness to be produced by the Chief of Police at the hearing of said charges

  5.    Results or reports of physical and/or mental examinations, and of scientific tests or experiments made in connection with the particular case which are within the custody and control of the Police Department.

  6.    Any evidence within the custody or control of the Police Department which is favorable to the respondent in terms of their guilt or innocence to the charges files against them.

B.    Any and all other motions which the respondent desires to make shall be filed in writing with the Village of Riverside's Legal Counsel prior to the hearing on said charges.

C.    Any motion filed less than five days prior to the date set for the hearing on the charges or the receipt of any documents or information in response to any motion filed less than five days prior to the date set for hearing shall not constitute grounds for a requested continuance of the hearing on said charges, unless specific justification for such late filing is presented.   The Secretary of the Board of Police and Fire Commissioners shall then consider such justification in ruling whether to allow requested continuance. It shall otherwise by the duty of the respondent or the respondent's attorney to file and all motions under subsections A and B hereof at least five days in advance of the date set for hearing.

## 10.  HEARING PROCEDURE

A.  Subpoenas may be obtained by request made to the Secretary of the Board of Police and Fire Commissioners.  No continuance shall be granted to any party for the failure of a witness to appear at any hearing unless such witness shall have been previously served with a subpoena, or unless such party demonstrates a good faith attempt to have served a subpoena on any such witness.

B.  The Board shall designate any member to administer oaths for the purpose of receiving sworn testimony at any hearing or proceeding conducted by the Board.  It any event any officer authorized by law to administer oaths shall be authorized to administer oaths for the purpose of receiving sworn testimony at any hearing of charges before the Board.

C.  The Chief of Police shall be represented at all proceedings before the Board.

D.  The Chief of Police shall present evidence in support of the charges filed, and the respondent may then offer evidence in defense or mitigation.  If the respondent offers evidence in defense or mitigation, the Chief of Police may then follow with evidence in rebuttal.

E.  The testimony of all witnesses, whether offered by the Chief of Police or respondent, shall be subject to cross examination.  The members of the Board of Police and Fire Commissioners designated shall not be bound by the formal or technical rules of evidence, however, hearsay evidence shall not be admissible during the hearing.

F.  The Board of Police and Fire Commissioners shall allow time at the close of the evidence for closing arguments, Counsel for the Chief of Police will give the opening argument, which will be followed by the respondent.  Following the respondent's closing arguments, the Counsel for the Chief of Police shall be given time for rebuttal argument.  If Counsel for the Chief of Police waives argument but the respondent does not, Counsel for the Chief of Police will be given opportunity for a rebuttal argument.  If however, the respondent waives closing argument, the Counsel for the Chief of Police shall not be given opportunity to make a rebuttal argument.

G.  If the respondent does not appear or absents themselves from any proceedings conducted by the Board, the of the Board of Police and Fire Commissioners may proceed with the hearing in the absence of the respondent.

H.    At the close of all the evidence and arguments, the case will be taken under advisement the Board of Police and Fire Commissioners, which in due course will render its findings and decision as provided by law. The Board may, in its discretion, after finding a respondent guilty of one or more rule violations, set the matter for additional proceedings for the purpose of determining administrative action. The Chief of Police and respondent, or through counsel, may submit any information concerning the respondent's past work performance or other relevant information in mitigation or aggravation which would assist the Police Board in determining administrative action required. Witnesses may appear on behalf of the Chief of Police or the respondent to give sworn testimony. Pursuant thereto, the Police Board shall issue its written finding including penalty, if any.

## 11.    JUDGEMENT

A.    The findings and decision of the Board of Police and Fire Commissioners shall be preserved by the Secretary of the Board who shall notify the Chief of Police and the respondent of the Board's actions.

B.    The Secretary of the Board of Police and Fire Commissioners shall forward the findings and decision of the Board to the Chief of Police for enforcement of the Board's action. If the findings and decision is such that the respondent is guilty of the charges filed and removal, discharge or suspension is ordered, such order shall become effective as designated by the Chief of Police.

## 12.    REVIEW PROCEDURES

A.    _Notice_

In all cases which the Chief of Police has ordered a member to be suspended for a period of time, no less than five days, the member of the Department to be suspended will be served with a notice stating the length of suspension and the reason therefore. The notice will also state that the Department member has a right to have the suspension reviewed by the Police Board.

B.   *Procedure*

1.   Within forty eight hours, or the next business day if a Saturday, Sunday or holiday occurs during the forth eight hour period, the member to be suspended must file, in person, a request to have the proposed suspension reviewed by the Police Board. Failure to file within the period allotted constitutes a waiver of the member's right to review. Requests for review to be filed in person are to be filed with Police Board.

2.   Upon the filing of the request for review the member will receive a copy of their request indicating that the request was filed within the period allotted. A copy will also be forwarded to the Chief of Police.

3.   At the time of the filing the member may also submit a written memorandum delineating specific reasons for which the review was requested. Upon receiving the copy of the request for review, the Chief of Police may also file a written memorandum concerning the matter.

4.   The Police Board in executive session will consider the Request of Review of Suspension Order and will vote either to sustain or reverse the order of the Chief of Police. A majority vote by the Police Board will be required to reverse the order of the Chief of Police. However the Police Board may, in its discretion, order a hearing before the Board prior to making a determination to sustain or reverse the order of the Chief of Police.

5.   Any member of the Board of Police and Fire Commissioners may personally examine the investigative file on their own initiative before a finding is rendered by the Board.

6.   Upon completion of deliberation, the Board of Police and Fire Commissioners will cause the Secretary of the Board to prepare the written findings and forward copies to the Chief of Police and to the member who has requested the review.

7.   Upon receipt of the findings of the Police Board affirming the Chief of Police's order, the Chief of Police may then immediately implement the suspension.

A.    *Emergency Procedures*

1.    The member shall be served with a notice of suspension including an express finding by the Chief of Police that the public safety, or the good of the Department or both require the immediate suspension of the member.

2.    No later than thirty days after service of the notice of emergency suspension the Board of Police and Fire Commissioners shall review the order of the Chief of Police together with the reasons therefor and shall at that time preliminarily affirm or reverse such order. If the order is reversed, the member shall be reinstated and paid for any period under suspension as a result of the order. If the order is preliminarily affirmed, the Board shall, within thirty days of such affirmation, review such order and may in its discretion, afford the member an opportunity to receive a hearing pursuant to the Rules of the Board of Police and Fire Commissioners.

3.    If the Board of Police and Fire Commissioners, upon hearing, determine that the emergency suspension was unwarranted, the Board shall order the member reinstated and paid for any period under suspension as a result of the order.

## 13.    APPLICATION OF RULES OF PROCEDURE

A.    At the time the respondent is personally served with charges filed against them by the Chief of Police as provided herein, they shall also be given a copy of these Rules of Procedure.

B.    All time limitation contained in these Rules regarding continuances and motions shall be subject to exception in cases of extreme hardship, unusual circumstances or other justification. Any deviation therefrom shall be within the discretion of the Board of Police and Fire Commissioners.

*        *        *