THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFF SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08 C 577 |
| ) | |
| VILLAGE OF RIVERSIDE, BOARD OF ) | JUDGE Elaine Bucklo |
| POLICE AND FIRE COMMISSION OF ) | |
| THE VILLAGE OF RIVERSIDE, EUGENE ) | MAGISTRATE JUDGE |
| KARCZEWSKI, WILLIAM L. SMITH JR, ) | |
| BERNARD ROCCANOVA JR., ROBERT J. ) | JURY TRIAL DEMANDED |
| PETERS, in their individual capacities. ) | |
| Defendants. ) | |
| ) | |

### RESPONSE TO DEFENDANTS' MOTION TO DISMISS

NOW COMES the Plaintiff, Jeff Simpson, by and through his attorneys, Andreou & Casson Ltd., and in response to the Motions to Dismiss filed by the Village of Riverside, Eugene Karczewski, William L. Smith, Bernard Roccanova, Jr., and Robert J. Peters, states as follows:

### INTRODUCTION

On May 14, 2008, Defendants the Village of Riverside, Eugene Karczewski, William L. Smith, Bernard Roccanova, Jr., and Robert J. Peters filed a Motion to Dismiss Plaintiff's Amended Complaint ("Complaint"). The Defendants assert that the Plaintiff's §1983 Violation of First Amendment – Retaliation claim against the Village, the defendant Karczewski, and all individual defendants fails based upon *Monell* and the Illinois Municipal Code, 65 ILCS 5/10-2.1-15. Additionally, the Defendants assert that the Plaintiff's claim that he was denied promotion in retaliation for exercising his right to free speech should be dismissed under **Garcetti v. Ceballos,** 547 U.S. 410 (2006) because his speech was made within the scope of employment duties in The Village of Riverside Police Department and that his duties included reporting retaliatory conduct of his

1

supervisors; that the plaintiff has no property interest protected under the Fourteenth Amendment; and there is no causal connection between the Plaintiff's activities and his failure to be promoted. The Defendants also assert that the Plaintiff has failed to plead any violation of his right to freedom of association under the First Amendment. Finally, the Defendants argue that the failure to promote the Plaintiff in 2003 is barred by the statute of limitations under §1983 in Illinois federal courts. The Defendant, to support its arguments, rely on a document not part of the Complaint in violation of FRCP 12(b)(6). On that basis, the Plaintiff moves to strike the Defendants' Motion to Dismiss as to Counts II and III. The Plaintiff has sufficiently plead and provided notice of the claims cognizable under federal law. Pursuant to the argument that follows, Plaintiff respectfully requests that Honorable Court deny Defendants' Motion to Dismiss and enter any additional relief the Court deems appropriate under the circumstances.

## STANDARD OF REVIEW

Under Rule 12(b)(6), the court accepts as true all well-plead factual allegations, drawing all inferences in Plaintiffs' favor. ***Jackson v. City of Chicago***, 521 F. Supp.2d 745, 749 (N.D. Ill. Jun. 27, 2007). It is well-established that there is no heightened pleading standard under 42 U.S.C. § 1983. *See **Leatherman v. Tarrant County Narcotics Intelligence and Coord. Unit**,* 507 U.S. 163, 168 (1993); *See also Palmer v. Board of Educ.,* 46 F.3d 682, 688 (7th Cir. 1995) ("Complaints need not plead facts."). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

The Plaintiff's Complaint provides all of the notice of the claims alleged that is required. The Defendants, however, misconstrue the pleading requirements set forth in FRCP 12(b), suggest that a higher pleading standard is applied to the Plaintiff's Complaint and impermissibly rely on facts which are neither referenced in the Complaint or even in the record at this early stage in the proceedings.

## ARGUMENT

**I.  Defendants' Memorandum in Support of Their 12(b)(6) Motion to Dismiss Is Improper and therefore, the Plaintiff moves to strike the Defendants' Motion to Dismiss.**

The Defendants' address matters outside the pleadings in arguing their 12(b)(6) motion. (Def. Memo., p. 8). By Defendants' own admission (Def. Memo., p. 8, fn.1), in considering a 12(b)(6) motion to dismiss, the movant is limited to addressing only matters within the complaint. *See* **Gomez v. Illinois**, 811 F.2d 1030, 1039 (7th Cir. 1987). The Defendants argue that a court may take judicial notice of Rules and Regulations of a Police Department as public record pursuant to **Kasak v. Village of Bedford Park, et. al**., No. 06 C 5119, 2007 U.S. Dist. LEXIS 72837 (N.D. Ill. Jan. 12, 2007). By citing to an unpublished opinion of a Northern District court, the Defendants mislead the Court. First, an unpublished opinion has no precedential value for this Court. In **Kasak**, Judge Lindberg was presented with a Motion to Dismiss which relied on a document outside the pleading. **Kasak** at 6. Judge Lindberg stated, without further analysis, that "police regulations, as a public record, are not a dispositive matter at this time." ***Id.*** The plaintiffs in that case did not object to court's consideration of the police regulation manual, and further inquiry of the matter was not taken. *Id.* at 6. Contrary to the assertion of the Defendants here, the **Kasak** court did not hold that as a matter of law a court could take judicial notice of police regulations under Rule 12(b)(6) analysis. That court held only that the Plaintiff failed to object to it. ***Id.***

Furthermore, the police regulations cited by the Defendants here are not, as in **Kasak**, dispositive of any issue in the Complaint. The Complaint alleges violations of the First Amendment. The Defendant's impermissible exhibit references Rules of Conduct allegedly applicable to Riverside Police Officers. No foundation is provided for the document and the document contains no indicia that it is a "public record" as asserted by the Defendants. Furthermore, the Rule cited by the Defendants, Rule 21, does not suggest that it was part of the Plaintiff's job duties to speak out about unfair or constitutionally questionable conduct of the Chief of Police. In addition, the Complaint specifically pleads that the Chief's conduct was part of the custom, policy and practice of the Village of Riverside. First Amended Complaint, Count I, Par. 3. Therefore, Rule 21's suggestion that conduct should be reported if contrary to those policies, obviates its application to the conduct complained of by the Plaintiff.

In addition, the Riverside Police Department Rules and Regulations were authored by Defendant Karczewski. This gives the appearance that the rules are

3

intraoffice rules and not regulations promulgated by the governing bodies—The Village of Riverside and the Board of Police and Fire Commission. For these reasons, The Plaintiff objects to the use of and reference to Defendant's Exhibit 1 and moves to strike those portions of its Motion to Dismiss upon which it relies on Exhibit 1.

**II.   *Monell* liability Is Not Plead Only in Count I, Each Count pleads *Monell* allegations.**

The complaint sets forth retaliation claims under 42 U.S.C §1983 and First Amendment Freedom of Speech and Association claims against the defendants. However, each count resonates issues of ***Monell*** as applicable to the creation of a custom or practice of penalizing individual employees for exercising their right to free speech. Am. Comp., Count I, ¶3, Am. Comp., Count II, ¶5, Am. Comp., Count III, ¶5. ***Monell v. Dep't of Soc. Servs. of the City of New York***, 436 U.S. 658, 691 (1978). In order to plead a *Monell* claim, the Plaintiff must allege that he was: (1) deprived of a federal right; (2) as a result of a municipal policy, widespread custom, or deliberate act; (3) of a final policy-making authority; (4) the Plaintiff must also show that this policy or custom proximately caused his injuries. ***Fairley v. Andrews***, 430 F. Supp. 2d 786, 800-01 (N.D. Ill. 2006). In his Complaint, the Plaintiff alleges (1) through (4). Am. Comp. ¶25-¶32 Here, through the evidentiary use of the 2003 promotional exams and the results of the 2006 promotional exams, the Plaintiff can show that he was deprived a right pursuant to a custom created by the Village of Riverside and The Board of Police and Fire Commission. The Plaintiff has provided all the notice that is required under Rule 12(b)(6), ***Leatherman***, and ***Jackson***. ***Leatherman***, 507 U.S. at 168; *See also, **Jackson***, 521 F. Supp.2d at 747.

A.    **Plaintiff has sufficiently plead his *Monell* claim against the Village.**

The Defendants first argue that the Plaintiff's ***Monell*** claim against the Village of Riverside fails because "Illinois law vests the decisional process to promotion in the Board." Df's Memo. at 3. In support if its argument, the Defendants cite ***Sundstrom v. Village of Arlington Heights***, 826 F.Supp. 1143 (N.D. Ill. 1993). The Defendants' reliance on ***Sundstrom*** is misplaced. First, the Court in ***Sundstrom*** received the case at the summary judgment stage, not on a motion to dismiss under Rule 12(b). ***Id.*** at 1145. In addition, Sundstrom was decided on due process principles, not free speech or

4

association principles. *Id*. at 1149. The distinction between the analyses of each is profound and fatal to the Defendants' motion to dismiss.

*Monell* holds that local government entities are not wholly immune from suit under §1983. ***Monell v. Dep't of Soc. Servs. of the City of New York***, 436 U.S. 658 (1978). The defendants argue that a plaintiff can only sue a municipality when the policy, practice or procedure causes the alleged constitutional violation. Def. Memo. at 4). However, *Monell* allows for a municipality to be sued when the constitutional deprivation occurs pursuant to a governmental custom or practice. *Id*. at 691.

In the case at bar, the Plaintiff has alleged that, pursuant to Defendant Karczewski's solicitation of his business, the Defendants' prefer personal business clients of the Chief over officers deserving on the merits and bar promotion to those who objected to the Chief. Am. Comp. ¶27 and ¶31. The plaintiff tested twice for the promotional exams. In 2003, the Plaintiff was listed second on the promotional list but was never promoted. Am. Comp. ¶24. In 2006, members of the Board of Police and Fire Commission purposefully gave lower scores to the plaintiff and other employees refusing to participate in Defendant Karczewski's business. The Complaint sufficiently alleges the governmental practice and custom for which The Village of Riverside is ultimately responsible for through their intertwined relationship with the Board of Police and Fire as required for a §1983 claim. The First Amended Complaint sufficiently alleges the liability of the Village of Riverside and, therefore, the Defendants' motion to dismiss the Village of Riverside must be denied.

    **B.**    **Plaintiff Does Not Plead *Monell* Against Defendant Karczewski.**

The complaint does not plead a *Monell* claim against Defendant Karczewski. *Monell* only addresses pattern and practice claim versus a municipality. *Monell* at 694. The claim against Defendant Karczewski is based upon a 42 U.S.C. §1983 claim. Defendant Karczewski actively participated in retaliatory behavior against the Plaintiff in violation of his civil rights under 42 U.S.C. §1983. Am. Comp. ¶25-32.

    **C.**    ***Monell* Liability Claim is Not Plead as to Individuals in Count I. Liability to Individual Defendants is Raised in Count I as a §1983 Claim.**

*Monell* liability as claimed in Count I is applicable only to the Village of Riverside and the Board of Police and Fire Commission. As previously stated, Count I against the individual defendants is brought under a 42 U.S.C. §1983 retaliation theory of liability. Am. Comp. ¶4. A *Monell* claim as to the Village and the Board of Police and Fire is sufficiently plead as municipal liability is allowable when the constitutional deprivation occurs as a result of governmental practice or custom. *Monell* at 691. The Defendants' argue that any respondeat superior claim fails because that theory is based upon the tortfeasor acting independently from the employer. Def. Memo., p. 4. *Monell* at 695. However in this case, no *Monell* liability is being plead against Defendants Karczewski, Smith, Roccanova or Peters.

        **D.**        **The Plaintiff's *Monell* Claim Against the Board is Appropriate.**

The Defendants next argue that the Plaintiff's *Monell* claims against the Board fail because the Plaintiff has not plead that the complained of constitutional deprivation, i.e., the retaliation, was "so well established that is (sic) constituted custom or usage within (sic) the force of law." Df's Memo. at 5. The Defendants have failed to read or understand the First Amended Complaint.

The Defendants cite to *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) in support of its contention that the Plaintiff must "establish" (1) an express policy, (2) a widespread practice, or (3) a final policy maker caused the constitutional injury. Def. Memo. at 5. They argue that there is no allegation that other employees were retaliated against or that there were a series of bad acts from which an inference of knowledge could be drawn. *Id.*, citing **Woodward v. Corr. Med. Servs. of Illinois, Inc.**, 368 F.3d 917, 927 (7th Cir. 2004). The Defendants reliance on both *Calhoun* and *Woodward* are erroneous and misleading. Both cases involve a review of a fully developed record, both after discovery was completed and a trial. See *Calhoun*, 408 F.3d at 378, *Woodward*, 368 F.3d at 920. While the Plaintiff does not dispute the burden of the evidence, or the elements of proof, the Defendants' argument at this stage of the pleadings is simply irrelevant to a Rule 12(b)(6) motion. The Defendants ask this Court to make factual and credibility determinations on the prospective evidence before it has become part of the record—a request which dooms the Defendants' motion.

The Plaintiff has sufficiently pled a *Monell* claim against the Board in his Amended Complaint. The Plaintiff's Amended Complaint alleges that the Board has engaged in an official custom of denying promotions in retaliation for not participating and speaking out against the private business interests of the Defendant Karczewski. Am. Comp. Count I, ¶2. The complaint states that the candidates who were put at the top of the 2006 promotion list have all refinanced their homes and/or purchased insurance through Defendant Karczweski's company. Am. Comp.¶28. The Plaintiff has also been passed over for promotions despite being more qualified than other candidates. Am. Comp., ¶29. In 2006, the Board gave the Plaintiff significantly lower oral scores in order to ensure that he would not make the promotional list. Am. Comp. ¶26. Therefore, contrary to the Defendants' assertions, the Plaintiff has sufficiently plead a series of bad acts by a policymaker. *Woodward*, 368 F.3d at 927.[1]

This, coupled with the 2003 promotional exam results, clearly demonstrates a custom created by the Defendants to show preference for promotions to officers who are also personal clients. Am. Comp. ¶25. This also serves to illustrate the retaliatory nature of the promotions against the plaintiff on the basis of his speaking out against the actions of the Police Chief. Thus, due to the actions of Defendant Karczewski, the Board of Police and Fire Commission and the Village of Riverside, it has become a governmental custom for the defendants to deny promotions to individuals based not upon the merits, but upon the failure to engage in questionable business conduct with the Defendants. Am. Comp. ¶26-27.

The Plaintiff has alleged a specific pattern of conduct and a series of incidents which violated his constitutional rights. As such, the *Monell* claim against the Board should not be dismissed and the Defendants' motion to dismiss must be denied.

### III. The Plaintiff's Speech is Actionable Under the First Amendment.

Defendants argue that the court must inquire whether the public employee "spoke as a citizen on a matter of public concern" in order to determine that the speech was constitutionally protected. Def. Memo. at 6, citing *Spiegla v. Hull*, 371 F.3d 928, 965

---

[1] The Defendants, ironically, concede that the Amended Complaint pleads that other officers were deprived of promotions based on the same conduct Plaintiff complains of. See Def.Memo at 6. Somehow, the Defendants conclude that such an allegation is not enough, without citation to any authority for the proposition.

(7th Cir. 2004)). Defendants also argue that the Court must first inquire as to whether the person was speaking as a citizen or a public employee. ***Garcetti v. Ceballos***, 547 U.S. 410 (2006). (Def. Memo., p. 7). However, the Defendants' main premise lies in the fallacy that the Plaintiff's speech was simply that of an employee speaking out against his employer due to his disappointment in not being promoted. Def. Memo. at 7. This argument completely disregards the duties of the Plaintiff as a patrolman and the contextual improprieties of the behavior of the Defendants. It is the duties of the employee and the content of the speech made by the employee which forms the basis for a ***Garcetti*** argument. ***Id.*** at 410.

**A.     Plaintiff's Speech Was Not Made Pursuant to the Duties as an Employee with The Village of Riverside Police Department.**

The Defendants spend a great deal of energy attempting to explain how the Plaintiff's speech was part of his official duties, then diverts the Court to the location of the speech instead of its content. Def. Memo at 7. The Defendants' memorandum is confusing and the Defendants are confused. The Defendants admit that the Plaintiff complained to other members of the Department, his union and the Village Board members. Id. Apparently, the Defendants believe that this is not "public" enough to gain protection. The Defendants' fail to direct this Court to a single decision which supports the notion that, as a threshold matter, a Plaintiff must speak out to a newspaper, at a Village Board Meeting or any other specific forum. The Defendants appear to have developed this element out of their imaginations instead of the law. The Defendants entire argument is riddled with factual conjecture as to both who the Plaintiff spoke to and his motivations for doing so. Because the Defendants' argument are utterly aimless and contrary to the essence of Rule 12(b)(6), the motion should be denied summarily.

Defendants argue that the Plaintiff's speech was made against the Village of Riverside Police Department as a disgruntled employee and nothing more. Defendants also rely upon Kasak in arguing for the dismissal of the complaint. ***Kasak v. Village of Bedford Park***, 514 F.Supp.2d 1071 (N.D. Ill. 2007); (Def. Memo., p. 8). However, the Plaintiff in ***Kasak*** was granted leave to amend his complaint, finding that he did have a

8

plausible claim for relief. ***Kasak v. Village of Bedford Park***, --- F.Supp.2d ----, 2008 WL 1995063 (N.D.Ill. May 6, 2008).[2]

The Defendants argue that ***Garcetti*** should apply, as the Plaintiff's speech was made pursuant to his duties as a patrolman. Def. Memo. at 7. Under ***Garcetti***, if a public employee speaks pursuant to their official duties, the speech is afforded less protection from employee discipline under the First Amendment. ***Garcetti v. Ceballos***, 547 U.S. 410, 419 (2006). However, being a public employee does not deprive a party of the protections of the First Amendment: "The First Amendment limits the ability of a public employer to leverage the employment relationship to restrict, incidentally or intentionally, the liberties employees enjoy in their capacities as private citizens." ***Garcetti***, 547 U.S. at 411.

In this case, the speech was clearly not made within the scope of employment but as a public citizen. A patrolman speaking out against financial improprieties of his chief is not within the scope of his duties as a patrolman. The plaintiff was speaking out as a citizen on a matter of public concern, namely the questionable business practices of the Chief of Police. Am. Comp. ¶19. The Plaintiff's primary concern was that a conflict of interest was being created between members of the Village of Riverside's Police Department and Defendant Karczweski, through his use of his role as Chief to elicit business for his private gain. Am. Comp. ¶20.

This Court held in ***Jackson*** that a matter is of public concern when it affects all police officers, "which are in the business of public service." ***Jackson v. City of Chicago***, 521 F. Supp.2d 745, 749 (N.D. Ill. Jun. 27, 2007). The improper actions of the Chief of Police, the Board of Police and Fire Commissioners and the Village are most certainly a matter of public concern when they have the potential to affect the functions of the Police Department and subsequently the public at large. The practice of retaliatory denial of promotions has the potential to affect all police officers. As such, the Plaintiff maintains a constitutionally protected right to express his concerns regarding this matter. ***Garcetti*** simply does not apply to the facts in this case. Thus, the Plaintiff's free speech claim under the First Amendment is sufficiently plead and the Defendants motion to dismiss must be denied on this basis.

---

[2] The Plaintiff has similarly sought leave to file his Second Amended Complaint.

B.  **The Plaintiff is not required to allege a property interest under the First Amendment.**

The Defendants next argue that because the Illinois Municipal Code, 65 ILCS 5/10-2.1-15 allows the Defendants to exercise discretion in application of the "Rule of Three", the Plaintiff has no protectable property interest in a promotion off the promotional list. Def. Memo at 9. The Defendants reliance upon ***May***[3], ***Bigby and McCoy*** is misplaced and confusing. All three of the cited cases involve questions arising under state law (***McCoy***) or pursuant to a Due Process theory (***May*** and ***Bigby***). Under a due process analysis, it is not in dispute that the Plaintiff must allege a protectable property interest. However, under First Amendment analysis, no such showing is required. The Defendants simply miss the mark. In any event, since the Plaintiff is not required to plead a property or liberty deprivation under the First Amendment, the Defendants motion to dismiss Counts II and III must fail on this basis.

C.  **Causal Connection between the Plaintiff's Activities and his Failure to be Promoted.**

The Defendants next argue that there is no causal connection between the Plaintiff's protected activities and his failure to be promoted. The Defendants cite ***O'Connor*** in arguing the lack of causal connection. ***O'Connor*** held that the Plaintiff must show a but-for causal connection between the alleged violation and the injury. ***O'Connor v. Chicago Transit Authority,*** 985 F.2d 1362 (7th Cir. 1993). However, the 7th Circuit, along with many sister circuits, overruled this standard in ***Spiegla v. Hull***, 371 F.3d 928 (7th Cir. 2004), holding that the burden in ***O'Connor*** is too restrictive upon the Plaintiff. The standard set forth in ***Spiegla*** requires that the plaintiff show that the "protected activity was a motivating factor in the retaliatory action." *Id.* at 942.

The Defendants base their allegation on the fact that the Plaintiff was never approached by Defendant Karczweski's to purchase insurance or refinance his home. (Def. Memo., pg. 10). However, this inaccurately states the Plaintiff's claim. The Plaintiff's complaint is based on the fact that he was denied promotions in retaliation for <u>speaking out</u> against the actions and business practices of Defendant Karczweski. The motivating factor in denying the Plaintiff the opportunity to be promoted was his actively

---

[3] May v. Village of Glendale Heights, 04 C 2796, is an unreported decision of Senior Judge Grady.

10

voiced concerns about the personal business practices of Defendant Karczweski. Therefore, the Defendants motion to dismiss must be denied on this basis.

**IV. Count III: The Plaintiff has a Constitutional Right to Freedom of Association.**

The Defendants claim that the Plaintiff's allegations of a violation of his constitutional right of freedom of association should be dismissed. Def. Memo., pg. 11. Their argument focuses on "expressive association." *Id.* However, a Plaintiff also has an implied right within the First Amendment to choose not to associate or engage in expressive association. **Roberts v. United States Jaycees**, 468 U.S. 609, 623 (1984).

The Plaintiff in this case was denied promotions based up his verbal opposition to the actions of Defendant Karczewski. Am. Comp., Count III ¶2. The Defendants created a custom of making human resource decisions based on reasons other than merit. Am.Comp. at ¶¶15, 16, 17 and 18. The Court in **Roberts** found that "Freedom of association therefore plainly presupposes a freedom not to associate." **Roberts** at 623. A governmental body may not infringe upon a party's freedom to choose to associate or conversely, not to associate, with a group or organization. The custom created by the Defendants infringed upon the Plaintiff's freedom of association by denying him promotions based upon his outspoken refusal to support the outside business of the Chief of Police.

The Plaintiff's First Amended Complaint demonstrates a claim based on his refusal to associate with the nefarious business practices of Chief Karczewski. Therefore, the Defendants motion to dismiss should be denied.

**V. Plaintiff's Claim is Not Time Barred.**

The Defendants claim that any actions relative to the 2003 claim are time barred. (Def. Memo., p. 11). The complaint, however, is based upon the 2006 promotional exams and results. The events surrounding the 2003 promotional exams and subsequent denial of the Plaintiff's promotion are used to demonstrate an evidentiary custom and practice enacted by the Defendants. The pattern of denying the Plaintiff promotions in retaliation for his speaking out against the business ventures of the Chief of Police is demonstrative of a *Monell* liability claim.

Furthermore, the events arising out of the incidents occurring in 2006 are not time barred under Section 1983. The statute of limitations for a §1983 claim is two years.

11

*Smith v. City of Chicago Heights*, 951 F.2d 834, 837 (7th Cir. 1992). The Plaintiff took the promotional exam in June of 2006. (Am. Comp. ¶24). The Plaintiff's complaint was filed on January 25, 2008, soundly within the two year limitation.

**VI.     Plaintiff is Not Seeking Punitive Damages from the Village.**

Plaintiff is seeking punitive damages "as allowed by law." Pursuant to 745 ILCS 10/2-102 and 42 U.S.C. §1983, a plaintiff may not recover punitive damages from a Municipality. As such, Plaintiff is not seeking punitive damages from the Village of Riverside.

**CONCLUSION**

Wherefore, the Plaintiff Jeff Simpson, respectfully requests this Honorable Court deny Defendants' Motion to Dismiss on the grounds that it is improperly brought; that *Monell* liability as to the Village of Riverside and the Board of Police and Fire Commission is properly plead and alleged; and that all individuals should be held liable under 42 U.S.C. § 1983. Additionally, the Plaintiff respectfully requests this Honorable Court deny the Defendants' Motion to Dismiss on the grounds that the Plaintiff's speech is protected speech as a public citizen speaking on a matter of public concern; the Plaintiff has a protectable property interest in a promotion; there is a definite causal connection between the Plaintiff's speech and his failure to be promoted; the Plaintiff has a constitutional right to freedom of association; and the Plaintiff's claim is not time barred. To the extent that the Court permits, the Plaintiff has sought leave to file his Second Amended Complaint, which is attached hereto as Exhibit A.

For the foregoing reasons, the Plaintiff respectfully requests this Honorable Court deny the Motion to Dismiss and enter any other relief as deemed appropriate.

                Respectfully submitted,
                Andreou & Casson, Ltd.


              By: ***Luke A. Casson***
                   Luke A. Casson

LUKE A. CASSON
Andreou & Casson, Ltd.
661 W. Lake Street, Suite 2N
Chicago, Illinois 60661
312.935.2000/ 312.935.2001