THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF SIMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08 C 577 |
| | ) | |
| VILLAGE OF RIVERSIDE, BOARD OF POLICE AND FIRE COMMISSION OF THE VILLAGE OF RIVERSIDE, EUGENE KARCZEWSKI, WILLIAM L. SMITH JR, BERNARD ROCCANOVA JR., ROBERT J. PETERS, in their individual capacities. | ) ) ) ) ) ) ) | JUDGE Elaine Bucklo<br><br>MAGISTRATE JUDGE<br><br>JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## SECOND AMENDED COMPLAINT AT LAW

Plaintiff JEFF SIMPSON, by his attorneys, ANDREOU & CASSON, LTD., complains against defendants VILLAGE OF RIVERSIDE a unit of local Government, BOARD OF POLICE AND FIRE COMMISSIONERS OF THE VILLAGE OF RIVERSIDE, and EUGENE KARCZEWSKI, WILLIAM L. SMITH JR, BERNARD ROCCANOVA JR., ROBERT J. PETERS, in their individual capacities, and states that:

### INTRODUCTION

1.  Plaintiff JEFF SIMPSON seeks redress for discrimination and retaliation by Defendants in violation of his rights of equal protection and free speech under the First and Fourteenth Amendments to the Constitution of the United States. This civil rights action is brought under the Civil Rights Act of 1866, 42 U.S.C. § 1983. Plaintiff SIMPSON seeks declaratory and injunctive relief as well as damages for his injuries.

2.  Defendants' actions reflect a systematic policy and practice of discrimination and

retaliation and constitute a continuing violation.

## JURISDICTION

3. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331 and §1343(3) and (4); 42 U.S.C. §1983; and, the First and Fourteenth Amendments to the Constitution of the United States of America. Venue of this Complaint has been properly laid in Northern District of Illinois, Eastern Division, as all parties are residents of the Village of Riverside, Illinois. Upon information and belief, all Defendants to this Count are citizens of the State of Illinois. All of the actions alleged herein occurred within the County of Cook, State of Illinois, all of which lie within the Northern District of Illinois.

4. Declaratory relief is sought under 28 U.S.C. § 2201 and § 2002.

## PARTIES

5. Plaintiff JEFF SIMPSON ("Plaintiff SIMPSON") is a resident of Cook County, Illinois and an employee of the Village of Riverside, Illinois.

6. At all relevant times and currently, Defendant VILLAGE OF RIVERSIDE is a municipality incorporated under the laws of the State of Illinois.

7. At all relevant times, the BOARD OF POLICE AND FIRE COMMISSION made decisions regarding the hiring, promotions, and firing of their employees.

8. At all relevant times and currently, ROBERT J. PETERS ("PETERS") served as a member of the BOARD OF POLICE AND FIRE COMMISSION of Riverside, Illinois.

9. At all relevant times and currently, EUGENE KARCZEWSKI ("KARCZEWSKI") served as Chief of Police of the Village of Riverside, Illinois.

10. At all relevant time and currently, WILLIAM L. SMITH JR. ("SMITH") served as a member of the BOARD OF POLICE AND FIRE COMMISSION of Riverside, Illinois.

11. At all relevant times, MARK TUMA ("TUMA") served as the Deputy Chief of Police of Riverside, Illinois, and is not a party to this action.

12. At all relevant times and currently, BERNARD ROCCANOVA JR. ("ROCCANOVA") served as a member and Secretary of the BOARD OF POLICE AND FIRE COMMISSION of Riverside, Illinois.

## FACTS UPON WHICH CLAIMS ARE BASED

13. All actions and inactions alleged occurred in Cook County, Illinois.

14. Plaintiff JEFF SIMPSON has been employed as a Patrolman for the Village of Riverside, Illinois, since on or about February of 1991.

15. In 1996 KARCZEWSKI was hired as the Chief of Police for the Village of Riverside, Illinois. Beginning in or about 2001 through 2007, during which period KARCZEWSKI has been the Chief of Police for the Village of Riverside, Illinois, he has approached members of the Riverside Police Department and solicited personal business for the refinance their homes, sale of financial and insurance products on behalf of a business which he and his family members were owners.

16. KARCZEWSKI did not invite every member of the Village of Riverside's Police Department to refinance their home and purchase insurance through his company, but only approached those people who he felt he could trust not to say anything about the proposed business transaction.

17. KARCZEWSKI sold insurance and persuaded several of the Village of Riverside employees to refinance their homes through his company by going to their homes and selling it to them.

18. The Plaintiff was never approached by KARCZEWSKI about purchasing insurance or refinancing his home through KARCZEWSKI'S business based upon the Plaintiff's vocal opposition to outside business practices of KARCZEWSKI. As long as the Plaintiff, and other officers, continued to oppose such business practices, KARCZEWSKI refused to allow the Plaintiff, and others, to advance or be promoted.

19. The Plaintiff was outspoken against KARCZEWSKI'S actions of selling his business and using the members of the Village of Riverside's Police Department for his own financial gain and complained to his union and Village officials.

20. The Plaintiff spoke out against KARCZWESKI and his actions of selling his business to The Village of Riverside's Police Department employees. The Plaintiff stated that the situation presented a conflict of interest because people that refinanced their home or bought insurance from KARCZEWSKI did so with the expectation that this would benefit and further them in their employment at the Village of Riverside.

21. KARCZWESKI'S business has been investigated or is the subject of investigation based on fraudulent and unfair consumer practices and is otherwise disreputable.

22. The Village of Riverside's Police Department does hiring and promotions by conducting a series of exams that a candidate must score well on in order to be placed on a hiring or promotion list for current or future position openings. The

series of exams for promotions consists of a written exam, a practical exam, and an oral interview with the BOARD OF POLICE AND FIRE COMMISSIONERS. The exams are taken in the order listed, and a final list is compiled that lists the candidates according to their overall scores. The Department begins promoting off of the top of the list and employs the "rule of three".

23. The promotional lists are effective for two years.

24. The Plaintiff has taken the promotional exams on two occasions; once in 2003 and again in June, 2006. In 2003 he was listed second on the promotional list but was never promoted, and in 2006 he was listed fourth on the promotional list but was not promoted again. On both lists, the Plaintiff moved up to the top promotional position after another officer was promoted.

25. In 2003, KARCZEWSKI, WILLIAM L. SMITH JR, BERNARD ROCCANOVA JR., ROBERT J. PETERS conspired to deny the Plaintiff a promotion in retaliation for speaking out against the Defendants and for refusing to participate in the Defendants conflict of interest scheme. This was done because of the Plaintiff's objection to KARCZEWSKI'S actions in gaining personal financial benefit based on his position as Chief of Police.

26. During the 2006 promotional exams, the Plaintiff obtained a score of 90% or better on the written examination, and received a score of 80% or better on the practical exam. The Plaintiff was given a 68% on the oral examination from the BOARD OF POLICE AND FIRE COMMISSIONERS.

27. Candidates that had received substantially lower scores on the written and practical examinations were given a better score on the oral examination allowing

5

them to be put ahead of the PLAINTIFF on the promotional list because they had given KARCZEWSKI'S business money.

28. The candidates that have been put at the top of the 2006 promotion list have purchased insurance or refinanced their homes through KARCZEWSKI'S business.

29. All of The Village of Riverside's Police Department employees that contributed to KARCZEWSKI'S business have been promoted over the Plaintiff despite the fact that he was more qualified for the promotion.

30. The Defendants retaliated against the Plaintiff and gave him a severely low score on the oral examination, which was inconsistent with his other exam scores for 2006, because he had spoken out against KARCZEWSKI'S actions of selling his business to the Village of Riverside's Police Department employees.

31. The oral examination was strategically given after the written and practical examinations so that the BOARD OF POLICE AND FIRE COMMISSION could compensate and give candidates they did not favor lower scores. The Plaintiff and other employees that were not promoted were given lower exam scored because they have not made contributions to KARCZEWSKI'S business.

32. KARCZEWSKI has given the Plaintiff severely lower scores on his work evaluations when compared to other ratings given by the Plaintiff's previous Chiefs and supervisors because the Plaintiff has not contributed to his business.

33. The Plaintiff's speech was not a result of his official duties and all matters on which he spoke were of a public concern.

34. The Plaintiff's duties as a patrolman were to patrol the streets of Riverside,

Illinois and enforce state law and local ordinances, not federal civil rights laws.

35. The Defendant VILLAGE OF RIVERSIDE has allowed this retaliation against the Plaintiff to occur and continue for a number of years.

36. As a direct and proximate result of the Plaintiff's exercise of his rights as a public citizen to speak on matters of public concern, the Defendants prevented the Plaintiff from receiving promotional opportunities.

**COUNT I**
**(§ 1983 Violation of First Amendment – Retaliation-*Monell* Liability)**

37. As against Defendants VILLAGE OF RIVERSIDE and BOARD OF FIRE AND POLICE COMMISSIONERS, Plaintiff restates and realleges by reference paragraphs 1 through 36 above as though fully set forth herein.

38. Defendants intentionally retaliated against Plaintiff for not supporting KARCZEWSKI'S personal business interests.

39. Defendants' actions reflect a policy, custom, or pattern of official conduct of penalizing individual employees for exercising their right to free speech under the First and Fourteenth Amendments of the United States Constitution.

40. The actions of the Defendants against Plaintiffs violated his rights of free speech under the First Amendment to the United States Constitution as applicable to the states by the Fourteenth Amendment and 42 U.S.C. § 1983.

41. All of Plaintiff' statements addressed constitutionally protected matters of public concern.

42. The actions of Defendants in intentionally engaging in and condoning discrimination and retaliation against Plaintiff is the proximate and direct cause of his great mental anguish, humiliation, degradation, inconvenience, lost wages and benefits,

7

future pecuniary losses, and other consequential damages.

43. The actions of Defendants were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights as secured under 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

44. The Plaintiff was deprived of his right to free speech as guaranteed by the First Amendment to the U.S. Constitution.

45. The BOARD, VILLAGE and KARCZEWSKI were joint policymakers as pertains to hiring, firing and promotions of police personnel.

46. The Defendants engaged in an official custom and widespread practice which cause the deprivation of the Plaintiff's, and other officers, constitutional rights.

47. The custom and practice of the Defendants was so permanent and well-settled that it constituted a custom and usage with the force of law.

**WHEREFORE**, Plaintiffs respectfully request:

>   A. All wages and benefits, back pay, front pay and future pecuniary damages Plaintiff would have received but for the discrimination, including pre-judgment interest;
>
>   B. A temporary restraining order (1) restraining Defendants from taking any further retaliatory action against Plaintiffs, based on their exercise of First Amendment Rights, and (2) ordering Defendants to expunge from their files all documents pertaining to disciplinary actions pertaining to Plaintiff's lawful exercise of First Amendment rights;
>
>   C. A permanent injunction (1) restraining Defendants from taking any further retaliatory action against Plaintiff, based on his exercise of First Amendment Rights, and (2) ordering Defendants to expunge from their files all documents pertaining to disciplinary actions pertaining to Plaintiff's lawful exercise of First Amendment rights;
>
>   D. Compensatory damages in an amount to be determined at trial to compensate Plaintiffs for injuries and losses caused by Defendants' conduct;

E. Defendants be required to pay prejudgment interest to Plaintiff on these damages;

F. A declaratory judgment that Defendants' actions violate the First and Fourteenth Amendments to the United States Constitution;

G. The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

I. Punitive damages as allowed by law as against Defendants;

J. An award of reasonable attorneys' fees, costs, and litigation expenses; and

K. Such other relief as the Court may deem just or equitable.

## COUNT II

### (42 U.S.C. §1983-FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH)

48. As against all Individual Defendants, Plaintiff restates and realleges by reference paragraphs 1 through 47 above as though fully set forth herein.

49. After, and in retaliation for, the Plaintiff's speaking out against the actions of Defendant KARCZEWSKI the Defendants never allowed the Plaintiff to be promoted or advance in his employment in any way.

50. At the time of the 2006 promotional oral interview, the Defendants either expressly or by acquiescence, had adopted a custom or practice of allowing its various employees and officers to make human resources management decisions based upon an employee's exercise of free speech and free association.

51. The Village of Riverside and all other Defendants adopted an illegal policy of discrimination and retribution against village employees who did not further KARCZEWSKI'S business and opposed his actions within his employment.

52. The Defendants' effected its policy and custom by employing tactics of workplace discrimination, intimidation, and retaliation against employees of the Village of Riverside.

53. The failure of the Defendants to promote Plaintiff violated the Plaintiff's right of free speech under the First Amendment, made applicable to the states through the Fourteenth Amendment to the Constitution of the United States.

54. The violation of the Plaintiff's constitutional rights by the Defendants to this Count has caused the Plaintiff harm, damages, lost wages and employment benefits, pain and suffering, emotional distress, embarrassment, humiliation and financial crisis.

**WHEREFORE**, Plaintiffs respectfully request:

> A. All wages and benefits, back pay, front pay and future pecuniary damages Plaintiff would have received but for the discrimination, including pre-judgment interest;
>
> B. A temporary restraining order (1) restraining Defendants from taking any further retaliatory action against Plaintiffs, based on their exercise of First Amendment Rights, and (2) ordering Defendants to expunge from their files all documents pertaining to disciplinary actions pertaining to Plaintiff's lawful exercise of First Amendment rights;
>
> C. A permanent injunction (1) restraining Defendants from taking any further retaliatory action against Plaintiff, based on his exercise of First Amendment Rights, and (2) ordering Defendants to expunge from their files all documents pertaining to disciplinary actions pertaining to Plaintiff's lawful exercise of First Amendment rights;
>
> D. Compensatory damages in an amount to be determined at trial to compensate Plaintiffs for injuries and losses caused by Defendants' conduct;

E. Defendants be required to pay prejudgment interest to Plaintiff on these damages;

F. A declaratory judgment that Defendants' actions violate the First and Fourteenth Amendments to the United States Constitution;

G. The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

I. Punitive damages as allowed by law as against Defendants;

J. An award of reasonable attorneys' fees, costs, and litigation expenses; and

K. Such other relief as the Court may deem just or equitable.

## COUNT II

### (42 U.S.C. §1983-FIRST AMENDMENT RIGHT TO FREEDOM OF ASSOCIATION.

55. As against all Defendants, Plaintiff restates and realleges by reference paragraphs 1 through 33 above as though fully set forth herein.

56. After, and in retaliation for, the Plaintiff's verbal opposition to and refusal to support the actions of EUGENE KARCZEWSKI the Defendants refused to promote the Plaintiff.

57. At the time of the 2006 oral examination, the Defendants either expressly or by acquiescence, had adopted a custom or practice of allowing its various employees and officers to make human resources management decisions based upon an employee's exercise of free speech and free association.

58. The Village of Riverside and all other Defendants adopted an illegal policy of discrimination and retribution against village employees who did not further KARCZEWSKI'S business and opposed his actions within his employment.

59. The Defendants' effected its policy and custom by employing tactics of workplace harassment, intimidation, and retaliation against employees of the Village of Riverside.

60. The failure of the Defendants to promote Plaintiff violated the Plaintiff's right of free speech and freedom of association under the First Amendment, and made applicable through the Fourteenth Amendment to the Constitution of the United States.

61. The violation of the Plaintiff's constitutional rights by the Defendants to this Count has caused the Plaintiff harm, damages, lost wages and employment benefits, pain and suffering, emotional distress, embarrassment, humiliation and financial crisis.

**WHEREFORE**, Plaintiffs respectfully request:

> A. All wages and benefits, back pay, front pay and future pecuniary damages Plaintiff would have received but for the discrimination, including pre-judgment interest;
>
> B. A temporary restraining order (1) restraining Defendants from taking any further retaliatory action against Plaintiffs, based on their exercise of First Amendment Rights, and (2) ordering Defendants to expunge from their files all documents pertaining to disciplinary actions pertaining to Plaintiff's lawful exercise of First Amendment rights;
>
> C. A permanent injunction (1) restraining Defendants from taking any further retaliatory action against Plaintiff, based on his exercise of First Amendment Rights, and (2) ordering Defendants to expunge from their files all documents pertaining to disciplinary actions pertaining to Plaintiff's lawful exercise of First Amendment rights;
>
> D. Compensatory damages in an amount to be determined at trial to compensate Plaintiffs for injuries and losses caused by Defendants' conduct;

E. Defendants be required to pay prejudgment interest to Plaintiff on these damages;

F. A declaratory judgment that Defendants' actions violate the First and Fourteenth Amendments to the United States Constitution;

G. The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

I. Punitive damages as allowed by law as against Defendants;

J. An award of reasonable attorneys' fees, costs, and litigation expenses; and

K. Such other relief as the Court may deem just or equitable.

### **DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands a jury trial on all issues.

Respectfully submitted,

By:*Luke A. Casson*
    LUKE A. CASSON
    Attorney for the Plaintiff

LUKE A. CASSON
Andreou & Casson, Ltd.
661 W. Lake Street, Suite 2 North
Chicago, Illinois 60661
312.935.2000/ 312.935.2001