50520-RET

**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFF SIMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08-C-577 |
| | ) | |
| VILLAGE OF RIVERSIDE, BOARD OF | ) | Judge Bucklo |
| POLICE AND FIRE COMMISSION OF THE | ) | |
| VILLAGE OF RIVERSIDE, | ) | Magistrate Judge Denlow |
| EUGENE KARCZEWSKI, WILLIAM L. SMITH, | ) | |
| BERNARD ROCCANOVA, JR., and | ) | |
| ROBERT J. PETERS, in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO THEIR RULE 12(b)(6) MOTION TO DISMISS**

The Defendants Village of Riverside, Board of Police and Fire Commission of the Village of Riverside, Eugene Karczewski, William L. Smith, Bernard Roccanova, Jr., and Robert J. Peters, in their individual capacities, by and through their counsel of record, QUERREY & HARROW, LTD., and in reply to Plaintiff's response to their Motion to Dismiss Plaintiff's Amended Complaint at Law, state the following:

**I.      Plaintiff's Claim Is Completely Barred By *Garcetti v. Cellabos*, 547 U.S. 410 (2006).**

The crux of Plaintiff's claim is that he has been denied promotion or advancement in employment in retaliation for his "speaking out at work" about the Chief allegedly soliciting personal business at the Police Department. Plaintiff claims that this "speech" is protected under the First Amendment. Plaintiff has displayed a complete and utter misunderstanding of *Garcetti* and its progeny. Despite attempts to distract this court with scattered and confusing arguments, Plaintiff cannot escape the fact that his claims are completely barred by these recent decisions.

As stated in Defendants' motion to dismiss, the Supreme Court and the Seventh Circuit have recently held that public employees speaking pursuant to their official duties are speaking as employees, not citizens and thus are not protected by the First Amendment regardless of the content. *Garcetti v. Ceballos*, 547 U.S. 410 (2006); *Kasak v. Village of Bedford Park*, 514

F.Supp.2d 1071 (N.D. Ill. 2007); *Spiegla v. Hull*, 481 F.3d 961, 965 (7th Cir., 2007); *Mills v. Evansville*, 452 F.3d 646 (7th Cir. 2006). As pled, Plaintiff made his complaints regarding Karczewski's actions as a public employee and, therefore, his speech is not constitutionally protected and cannot be a basis for the claims made against Defendants in this matter. *Garcetti*, 547 U.S. 410, 419; *Spiegla*, 481 F.3d at 966.

A recent pronouncement in further support of the Defendants' arguments for dismissal based upon *Garcetti* can be found in *Callahan v. Fermon, et al.*, 03 C 2167, 2008 U.S. App. LEXIS 10800 (7th Cir., May 20, 2008). In *Callahan*, a police lieutenant claimed he had been transferred laterally in retaliation for making complaints about his superior officers. In determining that his speech was not to be afforded First Amendment protection, the Seventh Circuit specifically noted that "his statements were required by his actual duties as a lieutenant" for the Illinois State Police. *Callahan*, at *10-11. The Court further reiterated that the controlling factor in the *Garcetti* inquiry is whether the speech in question "owes its existence to a public employee's professional responsibilities." *Id.* at *10.

In his Response, Plaintiff asserts that he "spoke out" about "unfair or unconstitutionally questionable conduct of the Chief of Police." (Response, p. 3). This is not the same "speech" as alleged in his complaint. Plaintiff's First Amended Complaint (which is the only Complaint at issue) states that he was "*outspoken at work* against [the Chief's] actions of selling his business and using the members of the Village of Riverside's Police Department for his own financial gain…." (Amended Complaint, ¶19) (emphasis provided). This speech is obviously not the kind considered by the courts when extending protection under the First Amendment. Further, this type of speech is explicitly excluded from such protection through the recent decisions of *Garcetti* and its progeny.

Plaintiff has pled himself out of court and his claims must be dismissed, with prejudice.

### A.    As A Sworn Law Enforcement Officer, Plaintiff Is Under An Affirmative Duty To Report Perceived Misconduct Of Other Officers.

Plaintiff challenges Defendants' reference to the Village of Riverside Police Department Rules and Regulations. Even without the Rules, it is inherent in Plaintiff's professional position – that of a sworn police officer – that he report perceived unethical conduct of another member of the Department. Despite his official, written responsibilities to report misconduct, the fact that Plaintiff's speech "owes its existence" to his position as a police officer, his communication was

internal departmental communication and, therefore, *was not the speech of a citizen.* It has been held that an employee's speech does not have to be part of his core job function or in his formal written job description in order to be part of his job responsibilities. *Kasak v. Village of Bedford Park*, 514 F. Supp. 2d 1071, 1082 (N.D. Ill. 2007). Plaintiff's speech owed its existence to his professional responsibilities and he was not speaking as a citizen for First Amendment purposes.

Plaintiff states that his "primary concern" was that a conflict of interest was being created between the members of the Board and the Chief through the Chief's alleged use of his position to elicit business for his private gain. (Response p. 9). This is not what is pled in his complaint. Plaintiff's Amended Complaint makes mention of a "conflict" in Paragraph 20 defining it as: "The Plaintiff [sic] stated situation presented a conflict of interest because people who refinanced their home or bought insurance from Karczewski did so with the expectation that this would benefit and further them in their employment at the Village of Riverside." The "conflict," as provided in Plaintiff's Amended Complaint, was not between the members of the Board and the Chief; presumably, it was a conflict between Plaintiff and those persons who allegedly did business with the Chief.

Plaintiff's First Amended Complaint clearly provides that he "was outspoken at work" regarding the Chief allegedly providing personal business services at the Department. This is not a matter of public concern, nor can it be construed as such. Plaintiff did not voice his concerns because he feared the Chief's alleged actions would bring discredit or have any other negative effect on the Department. The pleading demonstrates Plaintiff's primary concern was how this alleged activity affected him, there is no connection to the public interest. "Speech by a government employee relating to ordinary matters of internal operation and lacking connection to 'any matter of political, social, or other concern to the community' is not entitled to First Amendment protection." *Spiegla*, 371 F.3d at 936 (quoting *Connick*, 461 U.S. at 146).

In further effort to bolster his argument that his speech was made as a public citizen, Plaintiff mistakenly relies upon *Jackson v. City of Chicago*, 521 F.Supp.2d 745 (N.D. Ill. 2007). Undeniably distinguishable from the instant matter, *Jackson* involved a police officer who spoke out (through involvement in a class action) against the Fraternal Order of Police's "misuse, mishandling, and inappropriate disbursement of millions of dollars of donations collected from the public" on behalf of Jackson <u>and other disabled officers</u>. *Jackson*, 521 F.Supp.2d 745. In *Jackson*, this Honorable Court found that the complained of speech was a "matter of public

concern," as the alleged conduct of the Police Union affects <u>all</u> Chicago Police officers, and was, therefore, afforded First Amendment protection defeating the Rule 12(b)(6) motion to dismiss. *Jackson*, at 749. In the instant matter, the speech identified by Plaintiff concerns his belief that his refusal to participate in the Chief's business ventures was the cause of the alleged employment decision. Plaintiff did not "speak out" relative to conduct affecting any person other than himself. There was no matter of public concern here.

As to Plaintiff's argument that he need not have taken his complaints "public," the recent decisions of *Garcetti*, and its progeny, clearly provide examples of what constitutes protected speech of an employee for First Amendment analysis. This includes reporting the subject matter to a newspaper, making a public statement, or even threatening to go to the public. See *Garcetti,* at 422; *Kasak*, at 1083; and *Speigla*, at 967.  Plaintiff did not do any of these things; his speech – made at his workplace – was clearly not a matter of public concern. Plaintiff's assertion that the Defendants have "admit[ted] that the Plaintiff complained to other members of the Department, his union and the Village Board members" is a gross misrepresentation of the Defendants' motion. Defendants concede only that Plaintiff has made the *allegation* that he spoke with these persons. (Motion to Dismiss, p. 7). Plaintiff's current argument that the aforementioned examples were "developed . . . out of their imaginations instead of the law" is disingenuous and must be disregarded.

      **B.**     **Plaintiff's Request For Leave To File A Second Amended Complaint Is Improper And Not Allowable And Contrary To Well-Established Law.**

In addition to his confusing response, Plaintiff has moved for leave to file a Second Amended Complaint, attaching the same to his response as Exhibit A. Plaintiff relies upon the *Kasak* decision in asserting a right to amend his complaint for a second time. However, that reliance is misplaced. Contrary to the assertion made by the instant Plaintiff, the *Kasak* decision did not grant leave for an amended complaint; rather, that plaintiff's First Amendment claims were dismissed pursuant to Rule 12(b)(6). The *Kasak* decision included a history of the litigation, Judge Denlow making note that Judge Lindberg had previously allowed plaintiff leave to file an amended complaint only after defendants had voiced their intent to file a motion to dismiss and "due to recent Seventh Circuit decisions following the Supreme Court's opinion in *Garcetti*." *Kasak*, 514 F. Supp. 2d at 1073 (citations omitted). In the instant matter, Plaintiff filed his original complaint on January 25, 2008 and his First Amended Complaint on April 14, 2008;

both were filed long after the *Garcetti* (decided May 30, 2006) and *Kasak* (September 18, 2007) decisions. Plaintiff clearly had the benefit of *Garcetti*, and its progeny, when drafting not only his original Complaint, but his First Amended. Plaintiff's current request to file a Second Amended Complaint must be denied.

Furthermore, the content of the Second Amended Complaint contains material allegations which blatantly contradict the facts in both his original and First Amended Complaints. While a case will generally not be dismissed because of inconsistencies between the original and amended complaint, where the plaintiff has blatantly changed his statement of facts in response to a motion to dismiss, directly contradicting the facts in his original complaint, the Court will rely upon the original complaint and disregard the amended pleading. *Whitehouse v. Piazza*, 397 F. Supp. 2d 935, 941 (N.D. Ill. 2005). Moreover, for purposes of a Rule 12(b)(6) motion to dismiss, while a party's claim may not be dismissed unless the party cannot prove a claim under any set of facts, those facts *must be consistent with the allegations of the complaint*. *Holman v. Indiana*, 211 F.3d 399 (7th Cir. 2000). In the present action, Plaintiff has improperly responded to the pending motion to dismiss by filing both a responsive pleading and a motion for leave to file a Second Amended Complaint.  A cursory reading of this proposed pleading reveals that it is blatantly contradictory to the facts alleged in the First Amended Complaint on file. Plaintiff claims that amendment of his Complaint will cure the defects addressed in the Motion to Dismiss. This is an impermissible request, as the "amendments" in the proposed Second Amended Complaint constitute material changes in the allegations and, in fact, directly contradict the facts in his original and Amended Complaints.

## II.    Plaintiff's Monell Claims Against All Defendants Fail.

Plaintiff erroneously argues that Defendants rely solely on the *Sundstrom* case in support of the fact that Illinois law vests the decision process of promotion in the Board of Police and Fire Commission. As clearly indicated in the motion to dismiss, this power is vested in the Board by Illinois statute, specifically 65 ILCS 5/10-2.1-15. This statutory vestment is indisputable and has not been challenged by the Plaintiff. Furthermore, Plaintiff makes no challenge to the argument that notions of *respondeat superior* play no role in Section 1983 jurisprudence. *Sundstrom v. Village of Arlington Heights*, 826 F.Supp. 1143, 1149 (N.D. Ill. 1993). As the sole "decision-maker," the Board is the only entity against which a *Monell* claim might be brought.

However, Plaintiff has failed to set forth any argument upon which such a claim might be sustained.

Fatal to Plaintiff's complaint against the Board is his failure to show that the Board engaged in a pattern of official custom or policy causing his alleged deprivation of constitutional rights and entitling him to relief. Moreover, Plaintiff has alleged nothing other than a single incident of alleged unconstitutional activity, which is insufficient to state a claim against the Board under Section 1983. *Oklahoma City v. Tuttle*, 471 U.S. at 821; *Strauss*, at 767; *Monitor v. City of Chicago*, 653 F.Supp. 1294 (N.D. Ill. 1997). Plaintiff attempts to mislead this Court by stating that Defendants have conceded that other officers have been denied promotions based upon the exact conduct alleged in his complaint. Defendants have made no such concession. Pursuant the standards applicable to at Rule 12(b)(6) motion, Defendants have accordingly taken all well pled facts as true, and have challenged these allegations due to Plaintiff's failure to state a cause of action upon which any relief might be granted.

Finally, Plaintiff affirmatively states that no *Monell* claim is being plead against Karczewski, Smith, Roccanova or Peters (see Response, ¶II(B) and (C)); as such, any and all references to such a claim against them in the Complaint must be dismissed.

### III.    Plaintiff Concedes The Inadequacy Of His Property Interest Claims.

Plaintiff's assertion that he can show he was deprived a "right" pursuant to a custom created by the Village of Riverside and the Board of Police and Fire Commission must be specifically addressed. Plaintiff's property interest claim in a promotion is in error. Plaintiff's Counts II and III specifically allege dual constitutional violations including those of his due process rights under the Fourteenth Amendment. There is no property interest in promotion. It has historically been held that while there is a constitutionally protected property interest in continued civil service employment, there is no equivalent interest in promotion to a higher rank. *May v. Village of Glendale Heights*, 04 C 2796, 2005 U.S. Dist. LEXIS 4428 (N.D. Ill. February 7, 2005) (*citing Bigby v. City of Chicago*, 766 F.2d 1053 (7th Cir. 1985)); *see also McCoy v. Board of Fire & Police Comm'rs*, 79 Ill. App. 3d 742, 744, 398 N.E.2d 1020, 1022, 35 Ill. Dec. 70, 72 (1st Dist. 1979). "To have a property interest, a person must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bigby*, 766 F.2d 1053, 1056-57. Plaintiff cannot claim a property interest in a promotion; therefore, his claim fails. *Id.*, at 1057-60. Accordingly, his Amended Complaint must be dismissed, with prejudice.

Plaintiff's responsive pleading recognizes that a due process claim would require allegations of a protectable property interest, but now indicates that he his not making a due process claim. (See Response, ¶III(B): "Under a due process analysis, it is not in dispute that the Plaintiff must allege a property interest. However, under First Amendment analysis, no such showing is required."). Regardless of the inconsistencies in his claims, Plaintiff now concedes the inadequacy of his pleading; accordingly, any Due Process claims must be dismissed.

IV.     **Plaintiff's Freedom of Association Claim Is Baseless.**

Plaintiff now identifies his "freedom of association" as a "freedom not to associate" – specifically claiming he was retaliated against based upon his "refusal to <u>associate</u> with the nefarious business practices of Chief Karczewski." (Response p. 11) (emphasis provided). This is not an activity protected under the First Amendment. Freedom of association, and similarly non-association, "plainly presupposes a freedom not to associate with certain *organizations*." *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209, 234-35 (1977)(emphasis provided).

In the instant action, there is nothing in the Complaint which arguably implicates any associational conduct relating to a matter of public concern. Refusal to participate in the business practices of the Chief is not protectable under the First Amendment. The U.S. Supreme Court has held "we have long understood as implicit the right to engage in activities protected by the First Amendment a corresponding right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends." *Roberts v. United States Jaycees*, 468 U.S. 609, 623 (1984). Those persons with whom Plaintiff now claims a right to not associate with cannot arguably be regarded as an "organization" or "association" for First Amendment analysis; this "group" is not engaged in any of the activities historically regarded as "associational" for purposes of First Amendment protection. Accordingly, Plaintiff's misuse of the word "association" compels the dismissal of this frivolous claim.

V.     **Plaintiff's 2003 Claims Are Time Barred.**

Plaintiff declares that no claims are being made relative to the 2003 promotional list. Therefore, any and all references to any claimed denial of promotion between the 2003 list and the 2006 list must be stricken from the Complaint. As for Plaintiff's argument relative to the timeliness of his 2006 claims, Defendants made no statute of limitations argument against their timeliness of the 2006 claims. Therefore, Plaintiff's argument may be disregarded.

**VI.    There Is No Causal Connection Between Plaintiff's Alleged Protected Activities And His Failure To Be Promoted.**

Based upon the foregoing, as Plaintiff's claimed conduct is not afforded First Amendment protection, there is no causal connection between his "speech" and his failure to be promoted. As recognized by Plaintiff in his Response, "the standard set forth in *Spiegla* requires that the plaintiff show that the '*protected activity* was a motivating factor in the retaliatory action.'" (Response, p. 10, III(C)) (emphasis provided). Therefore, his claim must be dismissed.

## <u>CONCLUSION</u>

For the reasons set forth in the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in this Reply, Plaintiff's First Amended Complaint should be dismissed in its entirety, with prejudice.

Respectfully submitted,

By:  /s/ Stacey McGlynn Atkins

Paul A. Rettberg
Stacey McGlynn Atkins
*Counsel for Defendants*
Querrey & Harrow, Ltd.
175 W. Jackson Blvd.
Suite 1600
Chicago, Illinois 60604
312-540-7000