## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 577 | **DATE** | 8/5/2008 |
| **CASE TITLE** | Simpson vs. Village of Riverside, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file the second amended complaint is granted and defendants' motion to dismiss is denied as moot.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Presently pending before me are defendants' motion to dismiss the first amended complaint, which has been fully briefed by both parties, and plaintiff's motion for leave to file a second amended complaint. For the following reasons, I grant plaintiff's motion for leave to file the second amended complaint and deny the motion to dismiss as moot.

Leave to amend is to be "freely given" under Fed. R. Civ. P. 15(a). *U.S. ex rel. Fowler v. Caremark RX, L.L.C*, 496 F.3d 730, 740 (7th Cir. 2007). A court may deny a proposed amendment if "the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice or if the pleading is futile." *Id*. (quotation omitted). Because I do not find any of these circumstances present here, the motion for leave to amend the complaint is granted.

First, there is no undue delay here as this case was filed on January 25, 2008 and the first amended complaint was filed on April 14, 2008. The parties have yet to enter a discovery schedule, as the motion to dismiss was being briefed. Although it is unfortunate that plaintiff chose to seek leave to amend after the briefing on the motion to dismiss was completed, it does not amount to "undue prejudice." Finally, the pleading is not futile. In order to state a § 1983 claim for retaliation in violation of the First Amendment in the public employment context, plaintiff must allege: (1) he was engaged in constitutionally protected speech; (2) the protected speech was a motivating factor in the adverse employment action; and (3) the defendant cannot prove by a preponderance of the evidence that the same adverse employment action would have occurred absent the protected speech. *See Spiegla v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004) (hereinafter "*Spiegla I*"). In determining whether the speech is protected, courts must first "inquire whether the employee spoke as a citizen on a matter of public concern." *Spiegla v. Hull*, 481 F.3d 961, 965 (7th Cir. 2007) (hereinafter "*Spiegla II*") (quotation omitted). Only if the plaintiff was speaking as a citizen can courts inquire into the content of the speech. *Id*. (citation omitted). Under the Rule 12(b)(6) standard, plaintiff sufficiently alleges facts, which must be taken in the best light to him, and states a claim for retaliation under the First Amendment. Specifically, plaintiff alleges he spoke out as a citizen because his speech was not a result of his official duties and that the

**STATEMENT**

alleged conduct of the Chief of Police presents a conflict of interest threatening the integrity of the department. The latter can be viewed as a matter of public concern for purposes of both the freedom of speech and freedom of association claims. When the remaining allegations in the proposed second amended complaint are taken as true, they sufficiently state claims against the various defendants in each count. To the extent that any of these are duplicative, it is not a sufficient reason to deny leave to file the second amended complaint and is of no prejudice to defendants as they must still conduct discovery on the same claims. Finally, none of the claims are time-barred for they do not concern the 2003 promotional list. Accordingly, the motion for leave to file the second amended complaint is granted and the motion to dismiss is denied as moot.